RECEIVED

MAY 1 3 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COURTNEY SANDOZ | CIVIL ACTION NO.: 07-1308 |
| VERSUS | JUDGE DOHERTY |
| CINGULAR WIRELESS, LLC, ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Currently pending before the Court are the following motions: (1) "Motion to Strike Offer of Judgment" filed by plaintiff [Rec. Doc. 9]; (2) "Motion to Dismiss for Lack of Jurisdiction" filed by defendants [Rec. Doc. 16]; and (3) "Motion for Leave to File Supplemental Opposition to Motion to Dismiss the Complaint" filed by plaintiff [Rec. Doc. 24].[1] All briefing has been completed, and the matter has been taken under advisement by the Court.

## I. BACKGROUND

On April 23, 2007, plaintiff filed a Petition in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, for penalties and attorneys fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 206 *et seq.*, alleging defendants failed to "timely pay minimum wages for hours worked." [Rec. Doc. 1-1 ¶ 2] Additionally, plaintiff purports to establish herself as the representative plaintiff in a collective action under § 216(b) of the FLSA.[2] [Id. at ¶ 12] On August

---

[1] Plaintiff's Motion for Leave [Rec. Doc. 24] is hereby **GRANTED**.

[2] Specifically, the Complaint states:

> Plaintiff brings this action pursuant to 29 U.S.C.A. § 216 on her own behalf and on behalf of all persons (i) who were employed by Cingular as part time Retail Sales Consultant [sic] at any time from April 23, 2004 to April 23, 2007, and (ii) who were not paid for all hours worked in a workweek at a rate not less than the minimum wage in the next regular pay check, and (iii) who elect to become participants in this action.

1

13, 2007, defendants removed plaintiff's lawsuit to this Court. According to the briefing subsequently submitted by defendants:

> After receiving Plaintiff's Complaint, Defendants ran a "worst-case scenario" calculation to determine the maximum extent of Plaintiff's possible recovery in connection with her alleged minimum wage "underpayments." Shortly thereafter, on September 6, 2007, Defendants served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 (the "Offer of Judgement") in the amount of $1,000.00, plus her reasonable attorney's fees in this case, in a amount to be determined by the Court. As explained in Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) ("Motion to Dismiss"), filed contemporaneously herewith, the amount of the Offer of Judgment fully satisfies (indeed, exceeds) Plaintiff's demand. Plaintiff did not accept the Offer of Judgment within ten days as required by Rule 68. Instead, on September 17, 2007, she filed the instant Motion to Strike.

[Rec. Doc. 15, p. 2]

Plaintiff now moves to strike the above-referenced Offer of Judgment "on grounds an offer made to a named plaintiff alone prior to class certification is of no effect when the plaintiff has sued in a representative capacity." [Rec. Doc. 9-2, p. 1] Plaintiff does not argue defendant's offer is insufficient to satisfy her individual demand; rather, she argues the offer is insufficient to satisfy the damages suffered by the putative class, and any offer of judgment is premature until the issue of class certification is addressed by the Court. Defendants oppose the motion, arguing their offer of judgment "more than satisfies [] plaintiff's demand," thereby rendering plaintiff's claims moot and depriving the Court of subject matter jurisdiction. [Rec. Doc. 15, p.3] It appears the Fifth Circuit has not addressed the precise issue before this Court: that is, in an FLSA putative collective action, does an offer of judgment which fully satisfies the representative plaintiff's damages, but does not satisfy damages suffered by the putative class, affect the plaintiff's right to pursue the collective

action on behalf of the class?[3]

In addition to their opposition to plaintiff's motion to strike, defendants move to dismiss this matter in its entirety, arguing the offer of judgment renders plaintiff's case moot, because the offer voids any legally cognizable interest on behalf of plaintiff in the outcome of the litigation – simply put, defendants argue a case or controversy no longer exists. [Rec. Doc. 17] Defendants contend because the matter is now moot, the Court is divested of subject matter jurisdiction, and therefore, it must dismiss this case. [Id.] Plaintiff opposes the motion to dismiss, again arguing "an offer made to a named plaintiff alone prior to class certification is of no effect when the plaintiff has sued in a representative capacity." [Rec. Doc. 9, p. 1]

## II.  APPLICABLE LAW

### A.  Standards of Review

#### 1.  Motion to Strike

As previously noted, plaintiff moves the Court to strike defendants' offer of judgment.

---

[3] While it appears the Fifth Circuit has not addressed this issue, other courts have. *Compare* Mackenzie v. Kindred Hospitals East, LLC, 276 F.Supp. 2d 1211 (M.D. Fla. 2003) (Held: in an FLSA collective action, a pre-certification Rule 68 offer of full relief to the named plaintiff rendered the case moot; judgment entered for plaintiff in accordance with the offer); *and* Wiskur v. Short Term Loans, LLC, 94 F.Supp. 2d 937 (N.D. Ill. 2000) (pre-certification Rule 68 offer to individual plaintiff rendered case moot; case dismissed without entry of judgment in favor of plaintiff); *with* Guerra v. Big Johnson Concrete Pumping, Inc., 2006 WL 2290517 (S.D. Fla. 2006) (pre-certification Rule 68 offer to named plaintiff individually did not warrant dismissal of case as moot; a rule allowing an offer of judgment to moot FLSA collective actions is "contrary to the broad remedial purpose of the FLSA and the specific purpose of § 216(b) which is to reduce the number of multiple suits filed against the same employer") (citing Geer v. Challenge Fin. Investors Corp., 2006 WL 704933 (D.Kan.); Reyes v. Carnival Corp., 2005 U.S. Dist. LEXIS 11948 (S.D.Fl.)); *and* Morales-Arcadio v. Shannon Produce Farm, 237 F.R.D. 700 (S.D. Georgia 2006); *and* Bond v. Fleet Bank (RI), N.A., 2002 WL 373475 (D.R.I.)(declining to adopt the rule proposed by defendant which would call for dismissal of a case when an offer of judgment is made prior to a motion for class certification, noting plaintiff had not had opportunity to file a motion for class certification since defendant tendered the offer of judgment six days after the filing of the complaint, reasoning "[h]inging the outcome of the motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in the litigation, before they file motions for class certification.")

Plaintiff cites non-binding jurisprudence in support of the relief requested. *See* McDowall v. Cogan, 216 F.R.D. 46 (E.D.N.Y. 2003). Plaintiff has failed to carry her burden of proof to show she is entitled to the relief requested, as it is unclear to the Court whether a motion to strike is the proper procedural vehicle to nullify a defendant's offer of judgment. Plaintiff has cited no federal rule or binding jurisprudence in support of her position.[4] However, the Court notes FED.R.CIV.P. 12(f) authorizes a district court (upon proper showing) to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) Rule 12's inventory of matters which may be stricken by the Court does not include an offer of judgment, nor is an offer of judgment a "pleading." *See* FED.R.CIV.P. 7. Furthermore, an offer of judgment is not filed into the record unless accepted, and thus there is nothing for the Court to strike. *See* FED.R.CIV.P. 68. As such, a motion to strike, it seems, would not be the proper procedural vehicle for the relief plaintiff requests; consequently, the Motion to Strike [Rec. Doc. 9] is **DENIED**.

2.  **Motion to Dismiss**

The Fifth Circuit holds:

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

The standard of review for a 12(b)(1) motion varies, depending upon whether a defendant

---

[4] The Court notes its independent research has shed no further light on the issue.

4

"facially attacks" or "factually attacks" plaintiff's complaint. <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir.1981).

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

<u>Id.</u>

Conversely, in a factual attack, the defendant submits affidavits, testimony, or other evidentiary materials in support of the motion. <u>Id.</u> at 523. In that circumstance, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject-matter jurisdiction." <u>Id.</u>; *see also* <u>Middle South Energy, Inc. v. City of New Orleans</u>, 800 F.2d 488, 490 (5th Cir.1986). Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir.1981). Moreover, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." <u>Id</u>. Regardless of whether the jurisdictional attack is facial or factual, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would establish the Court's jurisdiction. <u>Home Builders Ass'n v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir.1998).

Finally, it is well settled that "federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70 (1982).

### B. Fair Labor Standards Act Collective Actions

The Fair Labor Standards Act, at § 216(b) provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . **An action to recover the liability** prescribed in either of the preceding sentences **may be maintained against any employer** (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.** The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. **The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor** in an action under section 217 of this title. . . .

(emphasis added)[5]

### C. Offer of Judgment

Federal Rule of Civil Procedure 68 provides in pertinent part:

> **(a) Making an Offer; Judgment on an Accepted Offer.** More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer,

---

[5]It should be noted that unlike class actions governed by FED.R.CIV.P. 23, in which individuals falling within the description of the certified class are considered a part of the case and are bound by its outcome unless they take the affirmative action of opting out of the case, in an FLSA collective action, members of the class must take the affirmative step of "opting in" to the action before they are bound by its terms. *Compare* FED.R.CIV.P. 23, *with* 29 U.S.C.A. § 216(b).

6

either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

. . .

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

### III. ANALYSIS

#### A. Motion to Dismiss

As previously stated, plaintiff opposes defendants' motion to dismiss on the grounds that an offer made to a named plaintiff alone, even prior to class certification, does not divest the Court of subject matter jurisdiction, because it does not include damages incurred by the putative class. [Rec. Doc. 20, p.3] Plaintiff suggests:

> If defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. An offer made only to the class representative cannot form the basis for the imposition of costs pursuant to Rule 68.

[Rec. Doc. 9-2, p. 4; *see also* Rec. Doc. 20, p.7]

Contrarily, defendants argue, "The law is clear that where a defendant submits an offer of judgment that more than satisfies a plaintiff's demand, that offer – even if rejected – renders the Plaintiff's claims moot and deprives the court of subject matter jurisdiction." [Rec. Doc. 15, p. 3] Defendants cites Rand v. Monsanto Co., 926 F.2d 596, 597 (7th Cir. 1991) in support.[6] Defendant

---

[6] As previously implied, the law in this area is certainly less than clear, as evidenced by the fact defendant has cited no binding Fifth Circuit jurisprudence in support of its argument. Rather, defendant has cited two cases of the Seventh Circuit Court of Appeal, four from the Eastern District of New York,

7

then states, "The United States Supreme Court recognizes that where a defendant offers to pay the full amount of the plaintiff's potential recovery, the Plaintiff's claim becomes moot because he loses a legally cognizable interest in the outcome of the litigation." Defendant cites <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 287 (2000) in support. [Rec. Doc. 17, p. 7] The Supreme Court's ruling in <u>City of Erie</u> in no way states or implies the foregoing rule of law which defendants attribute to it. While the opinion does briefly discuss the concept of "mootness," it is in an entirely different context than that which is before this Court.[7] After citing a number of non-binding (primarily district court) opinions, defendants conclude:

> In sum, courts across the country have been unwilling to retain jurisdiction over claimed FLSA collective actions where there are no class members other than the "lead plaintiff," and when that plaintiff's demand has been satisfied by an offer of judgment from the defendants. That is the precise situation presented to this Court. Defendants have offered Plaintiff almost twice what she would recover at trial, plus her reasonable attorneys' fees, assuming a worst-case set of affairs for Defendants that is unlikely to come to fruition. This Court should follow the great weight of authority directly on point, hold that Plaintiff's claim has been mooted by the Offer of Judgment, and dismiss her claim with prejudice.

[Rec. Doc. 17, p. 17]

Again, defendant has painted a less than accurate picture of the state of the law in the "courts across the country." While it is true certain cases cited by defendant, *e.g.*, <u>Rollins v. Systems Integration, Inc.</u>, 2006 WL 3486781 (N.D. Tex, 2006), have indeed held that a pre-certification offer

---

one from the Southern District of New York, two from the Middle District of Florida, one from the Northern District of Georgia, and one from the Northern District of Texas (the only district court within the Fifth Circuit). It is not lost on this Court that defendant has failed to cite the Court to any of the jurisprudence contrary to its position.

[7] In <u>City of Erie</u>, the Supreme Court held that where the operator of an establishment featuring nude erotic dancing brought an action challenging the constitutionality of the city's public indecency ordinance, the case was not rendered moot by the closing of the establishment. Counsel are reminded of their obligation under Rule 3.3 of the Louisiana Rules of Professional Conduct to refrain from making false statements of fact or law to the Court.

8

of judgment made to a putative class representative for the full amount of his individual claim renders the claim moot, other cases have held the opposite.[8] *See e.g.* Higueros v. New York State Catholic Health Plan, Inc., 526 F.Supp.2d 342 (E.D.N.Y. 2007)(offer of judgment did not make collective action moot, where motion for conditional class certification was pending before the court); *see also* Neagley v. Atascosa County EMS, 2005 WL 354085 (W.D.Tex.)(finding plaintiff had made an "implied motion for certification" by virtue of his complaint, which sufficiently addressed a collective action).[9]

Although not precisely on point, two Supreme Court decisions do shed some light on this subject. In U.S. Parole Commission v. Geraghty, 445 U.S. 388 (1980), a federal prisoner brought suit, on behalf of himself and "all federal prisoners who are or will become eligible for release on parole," to challenge the validity of the United States Parole Commission's parole release guidelines.

---

[8] In Rollins, the court specifically found because plaintiff had presented no evidence that any other employee or former employee had consented in writing to join plaintiff's action, plaintiff had not shown he was entitled to more than his individual claim.

[9] In the context of Rule 23 class actions, several courts have held an offer of judgment made prior to a decision on class certification does not render a case moot if made to a named plaintiff alone. *See e.g.* Weiss v. Regal Collections, 385 F.3d 337, 344 (3rd Cir. 2004)(offer of judgment to Fair Debt Collection Practices Act putative class action plaintiff, before plaintiff moved to certify class, in amount of maximum damages award available to him individually under the FDCPA, together with attorney fees and costs, did not render putative class action moot); Schuster v. Citibank, N.A., 2001 WL 1568435, *3 (S.D.N.Y. Nov. 28, 2001) (denying defendant's motion to dismiss following an offer of judgment where the plaintiff brought the action as a putative class action, and the class action motion was still pending); Eckert v. Equitable Life Assur. Soc'y of the United States, 227 F.R.D. 60, 63 (E.D.N.Y.2005) ("[I]n situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no 'undue delay,' the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification."); Eckert v. Equitable Life Assur. Soc'y of the United States, 227 F.R.D. 60, 63 (E.D.N.Y. 2005) ("[I]n situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no 'undue delay,' the court retains subject matter jurisdiction despite the plaintiff's failure to move for class action."); Liles v. A.M. Corrective Counseling Serv., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001)( "hinging the outcome of this motion [to dismiss for lack of jurisdiction] on whether or not class certification has been filed is not well supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in litigation, before they file a motion for class certification.")

Id. at 393. While the matter was pending before the appellate court, plaintiff was mandatorily released from prison; the court of appeal thereafter concluded the litigation was not moot, and remanded the matter for further proceedings. The Supreme Court granted certiorari and held that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied, since the proposed representative of the class retains a "personal stake" in obtaining class certification, which is sufficient to assure that Article III values are not undermined. The Court noted that if an appeal from a denial of class certification results in reversal (and a class is subsequently certified), the merits of the class claim may still be adjudicated, pursuant to the holding in Sosna v. Iowa, 419 U.S. 393 (1975), that mootness of the named plaintiff's individual claim after a class has been duly certified does not render the action moot. The Court further noted the fact that a named plaintiff's substantive claims are mooted due to an occurrence other than a judgment on the merits does not mean that all other issues in the case are mooted: a plaintiff who brings a class action presents two separate issues, one being the claim on the merits and the other being the claim that he is entitled to represent a class.

In Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326 (1980), a group of credit card holders brought a class action against a national bank on behalf of all other Mississippi holders of credit cards issued by the bank, alleging that usurious charges had been made against their accounts. After the District Court denied the motion to certify the class, defendant tendered to each named plaintiff, in the form of an "Offer of Defendants to Enter Judgment as by Consent and Without Waiver of Defenses or Admission of Liability," the maximum amount that each plaintiff could have recovered. Id. at 329. The Court of Appeals for the Fifth Circuit reversed, noting: "The notion that a defendant may short-circuit a class action by paying off the class representatives either

with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive." Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978).

The Supreme Court granted certiorari to address whether putative class representatives retained a private interest in appealing the denial of class certification subsequent to the entry of judgment in their favor, but over their objections. The bank argued the entire case had been mooted by the individual offers. The Supreme Court disagreed, stating:

> To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

Id. at 339. In a separate concurrence, (then) Associate Justice Rehnquist commented:

> The distinguishing feature here is that the defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim. The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint ( *i. e.*, relief for the class). . . .

Id. at 341.

While this Court recognizes the above noted cases address issues slightly different than those before this Court, the matters addressed in Roper (particularly the concern as to defendant's ability to "pick off" representative plaintiffs and thwart class actions) have bearing on the issue before this Court - *i.e.*, whether an offer of judgment made to a named plaintiff alone, prior to the Court addressing class certification, renders the case moot. Like Roper, if defendants in this matter are

11

allowed to "pick off" the representative plaintiff in a potential FLSA collective action by making an offer of judgment a mere twenty-four days after the suit was removed to this Court, such a result would only serve to "frustrate the objectives of class [and collective] actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." Id. Furthermore, such a result would effectively provide defendants a tool to nullify § 216(b) (which specifically allows an employee to bring a collective action on "behalf of himself or themselves and other employees similarly situated," unless and until that right is terminated by the "filing of a complaint by the Secretary of Labor") merely by making an offer of judgment before class certification is addressed.

Additionally, nothing in Rule 68 says that if the offer is not accepted by plaintiff, the case becomes moot, and he or she cannot take the case to trial. Merely because a defendant is willing to offer to pay plaintiff some monetary value to settle the controversy does not necessarily mean plaintiff retains no value in the suit. There are a myriad of reasons a plaintiff may choose not to settle his or her claim - *e.g.* to make public a corporate practice, to have his or her day in court, he believes the offer is too low, *etc.* It is for plaintiff to decide whether he or she is willing to risk being assessed with costs, should he or she not accept the offer of judgment, and then receive a less favorable result at trial.

Finally, as stated by the Supreme Court: "A collective action allows ... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged ... activity." Hoffman v. LaRoche, 493 U.S. 165, 170 (1989); *see also* Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir.2003) ("Congress' purpose in authorizing § 216(b)

class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer"). Here, defendants argue under a "worst-case scenario . . . the maximum extent of Plaintiff's possible recovery in connection with her alleged minimum wage "underpayments" . . . [is] $1,000.00, plus her reasonable attorney's fees. . . ." [Rec. Doc. 15, p.2] Assuming the other employees plaintiff intends to represent are similarly situated with regard to "underpayments," it would seem allowing defendant to "pick off" plaintiff at this early stage would thwart the purposes of collective actions as discussed in Hoffman. Such a result would also seem to be contrary to the purpose of FED.R.CIV.P. 68. *See* 12 Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure § 3001 (2008)("Rule 68 was intended to encourage settlements and *avoid protracted litigation*."(emphasis added))

Due to the foregoing, the Court **DENIES** defendants' motion to dismiss for lack of subject matter jurisdiction. [Rec. Doc. 16] Plaintiff is to file a motion, pursuant to the proper procedural vehicle, to address the existence of a collective action within thirty days of issuance of this Ruling[10]; the motion is to be **REFERRED** to Magistrate Judge Methvin for a Report and Recommendation. Additionally, the motion shall **INCLUDE** plaintiff's proposed notice and consent forms.

## IV. CONCLUSION

Plaintiff's motion for leave to file a supplemental opposition to the motion to dismiss [Rec. Doc. 24] is **GRANTED**. Plaintiff's Motion to Strike Offer of Judgment [Rec. Doc. 9] is **DENIED**. Defendants' Motion to Dismiss for Lack of Jurisdiction [Rec. Doc. 16] is **DENIED**. Plaintiff is to

---

[10]The parties are hereby placed on notice the Court will adopt the "two-stage approach" in assessing whether this claim should go forward as a collective action. *See e.g.* Neagley v. Atascosa County EMS, 2005 WL 354085 (W.D.Tex.); Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995), *abrogated on other grounds in* Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Hayes v. Laroy Thomas, Inc., 2006 WL 1004991 (E.D.Tex. 2006); Lima v. International Catastrophe Solutions, Inc., 493 F.Supp.2d 793 (E.D.La. 2007).

file a motion, pursuant to the proper procedural vehicle, to address the existence of a collective action within thirty days of issuance of this Ruling; the motion is to be **REFERRED** to Magistrate Judge Methvin for a Report and Recommendation.

Additionally, the motion shall **INCLUDE** plaintiff's proposed notice and consent forms.

THUS DONE AND SIGNED in Lafayette, Louisiana this ___13___ day of May, 2008.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

5-14-08
ca
1) mem /cw