# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

COURTNEY SANDOZ                           CIVIL ACTION NO. 07-1308

VERSUS                                    JUDGE DOHERTY

CINGULAR WIRELESS, LLC                    MAGISTRATE JUDGE METHVIN
CINGULAR WIRELESS EMPLOYEE
    SERVICES, LLC
AT&T MOBILITY, LLC

### *REPORT AND RECOMMENDATION*
### *(Rec. Doc. 60)*

Before the court is Plaintiff's "Motion for Hearing on Class Certification," (Rec. Doc. 60), which is limited to the issue of timeliness of the original motion to certify class filed on June 5, 2008 (Rec. Doc. 34).[1] The motion is opposed. The motion was referred to the undersigned to consider whether plaintiff timely filed her motion for class certification.

### *Background*

The Fifth Circuit accurately summarized the relevant events as follows:[2]

> Sandoz worked for Cingular as a part-time retail sales consultant in Lafayette, Louisiana, from October 10, 2004, until she voluntarily resigned on October 5, 2005. On April 23, 2007, Sandoz brought suit against Cingular in Louisiana state court, alleging that the way in which Cingular paid its part-time employees for excess time worked resulted in paychecks that paid her less than the minimum wage for all of the hours she worked in certain weeks. She styled her case as an opt-in collective action under §216(b) of the FLSA. Sandoz served Cingular with the state court petition on July 27, 2007. On August 13, 2007,

---

[1] By order dated January 26, 2009 (Rec. Doc. 63), the district judge denied plaintiff's original motion for class certification (Rec. Doc. 34), as premature, since the issue of timeliness of the motion must first be resolved. The denial was "without prejudice to plaintiff's right to re-file such a motion should it be necessary after timeliness is addressed." Plaintiff has briefed the timeliness issue in the "Motion for Hearing on Class Certification," *sub judice*. As per the court's order, this R&R is limited to the issue of timeliness.

[2] This court certified for interlocutory appeal an order denying Cingular's motion to dismiss for lack of subject matter jurisdiction. On review, the Fifth Circuit vacated the ruling, and remanded the case to determine if Sandoz timely filed her motion for class action certification. See Judgment/Mandate USCA, (Rec. Doc. 62).

Cingular removed the case to the district court. Cingular filed its answer to Sandoz's petition on August 20, 2007.

On September 6, 2007, twenty-four days after removing the case to the district court and a little over a month after receiving Sandoz's petition, Cingular made Sandoz an offer of judgment under Federal Rule of Civil Procedure 68 for $1,000, plus her reasonable attorneys' fees. Sandoz failed to accept the offer of judgment within ten days. *See* FED.R.CIV.P. 68(a) ("If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance plus proof of service. The clerk must then enter judgment."). Instead, Sandoz filed a motion to strike the reference to the offer of judgment. Cingular filed a motion to dismiss for lack of subject matter jurisdiction, asserting that the offer of judgment fully satisfied Sandoz's claims. The district court denied Sandoz's motion to strike and denied Cingular's motion to dismiss. The court rejected Cingular's argument that a make-whole offer to a named plaintiff alone in a collective action under the FLSA divests the court of subject matter jurisdiction. However, the court granted Cingular's motion to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On June 5, 2008, about three weeks after the district court denied Cingular's motion to dismiss, Sandoz filed a motion for certification of her collective action. This court granted Cingular's motion to stay the district court's proceedings and expedited the appeal.

The issue before the Fifth Circuit was "whether a FLSA claim becomes moot when the purported representative of a collective action receives an offer that would satisfy his or her individual claim and no other plaintiffs have opted in to the collective action. Therefore, we must determine whether Sandoz represents only herself in this claim or if she also represents other similarly-situated employees in a FLSA collective action."[3]

In its review, the Fifth Circuit determined that, on the question of whether Cingular's Rule 68 offer of judgment mooted Sandoz's claims, this court erred in applying Rule 23 class action jurisprudence rather than that which applies to collective actions under the FLSA. The latter body of law holds generally that, until a class member opts into a collective action, the

---

[3] Judgment/Mandate of the Fifth Circuit, vacating and remanding. (Rec. Doc. 62), p. 4.

named plaintiff represents herself only. *See* <u>Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc.</u>, 485 F.Supp. 2d 221, 223-24 (E.D.N.Y.2007); <u>Rollins v. Systems Integration, Inc.</u>, No. 4:05-CV-408, 2006 WL 3486781 (N.D.Tex. Dec. 4, 2006). "This means that when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims."[4]

However, the Fifth Circuit did agree with this court's concerns that "[a] ruling that a defendant *always* can "pick off" a named plaintiff's FLSA claims before the plaintiff has a chance to certify the collective action would obviate one purpose of the collective action provision."[5] The Court instructed that the proper procedure is to determine whether plaintiff timely filed a motion for class certification, and if so, to relate the certification motion back to the filing of the class complaint. The Court held that application of "relation back" principles of Rule 23 class actions *are* applicable to collective actions under the FLSA:

> The status of a case as being an "opt in" or "opt out" class action has no bearing on whether a defendant can unilaterally moot a plaintiff's case through a Rule 68 offer of judgment. Although the differences between Rule 23 class actions and FLSA §2169b) collective actions alter the conceptual mootness inquiry, each type of action would be rendered a nullity if defendants could simply moot the claims as soon as the representative plaintiff files suit. Thus, the policies behind applying the "relation back" principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions.
>
> * * *
>
> The proper course, therefore, is to hold that when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment. If the court ultimately grants

---

[4] Judgment/Mandate of the Fifth Circuit, (Rec. Doc. 62), p. 10.

[5] *Ibid.*, p. 9.

the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot. Thus, although the district court was correct the suggest that Cingular's motion to dismiss was premature, it failed to give the proper reason: that so long as Sandoz timely filed a motion to certify her collective action, that motion would relate back to the date she filed her initial state court petition.[6]

### *Timeliness of the Motion to Certify Class*

The Fifth Circuit cited several cases where courts have found there must be some time for a plaintiff to file a motion to certify a collective action before it may be mooted by an offer of judgment by a defendant.[7] In this matter, the Fifth Circuit, noting the delay of thirteen months between the filing of Sandoz's complaint and her motion to certify, instructed this court to consider "under these unique facts, whether Sandoz timely sought certification of her collective action," as "relation back is warranted only when the plaintiff files for certification 'without undue delay.'"[8]

In Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001), cited by the Fifth Circuit, the plaintiff had not moved for class certification when defendant made its Rule 68 offer of judgment. The court noted the offer of judgment was made only 32 days after plaintiff had filed the complaint, and "well before plaintiff could be reasonably expected to file its class certification motion." Schaake, 203 F.R.D. at 112. In fact, at the time of the ruling, it is not clear that any motion for class certification had yet been made, as the court stated "[w]ith the

---

[6] *Ibid.*, pp. 12-13, footnotes omitted.

[7] *Roble v. Celestica Corp.*, No. 06-2934, 2007 WL 2669439, at *3 (D.Minn. Sept. 6, 2007); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001).

[8] See Judgment/Mandate (Rec. Doc. 62), p. 14, citing *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004).

class certification motion merely awaiting the relevant discovery - and related scheduling Orders - the Defendant's Offer of Judgment for the individual Plaintiff does not moot this matter, and the Defendant's motion to dismiss for mootness must be denied." Schaake, 203 F.R.D.at 112.  In Schaake, the offer of judgment was submitted even before defendants had answered the Complaint.  In this matter, while defendants had answered the complaint, the offer of judgment was submitted to plaintiff approximately 15 days later, prior to the issuance of any scheduling order or discovery relevant to class certification had been had.

 The Fifth Circuit has held there is no set deadline for class determination under Rule 23(c) - only that the determination of whether it is to be maintained as such be made as early as "practicable." Gore v. Turner, 563 F.2d 159, 166 (5th Cir. 1977); Montelongo v. Meese, 803 F.2d 1341, 1351 (5th Cir. 1986)(citing Gore, there is no set deadline for a class determination; while not clear whether or when a motion for class certification was ever made, a determination made three years after institution of the suit was timely.)

The undersigned has throughly examined the lengthy record of this matter. While there was a thirteen-month delay between the filing of the complaint and the motion for class certification, the undersigned finds that delay reasonable under the circumstances.  Defendants answered the suit on August 20, 2007, and made their offer of judgment, attempting to moot the litigation, on September 6, 2007.  It is unreasonable to require plaintiff to have sought certification within this time period.

The record further shows that on September 17, 2007, plaintiff filed a Motion to Strike Offer of Judgment.  While in hindsight it may have been wiser for plaintiff to have filed a motion

for class certification instead, it was not unreasonable, given the uncertain state of the law in this area prior to the Fifth Circuit's mandate in this matter, for plaintiff to have proceeded as she did.

Defendants filed the motion to dismiss due to lack of subject matter jurisdiction, based on their offer of judgment (which plaintiff moved to strike), on October 9, 2007, less than two months after they answered plaintiff's petition.

In sum, between the time defendants answered the petition and made their offer of judgment, the litigation has been embroiled in the single issue of whether defendants' offer of judgment mooted the plaintiff's claim and/or mooted the entire litigation. After that issue was preliminarily resolved by this court, prior to appeal, plaintiff timely filed her motion for certification as instructed by the District Judge. Under these circumstances, it would be a miscarriage of justice to conclude that plaintiff's motion for class certification was filed untimely.

For the reasons given above, the undersigned finds plaintiff timely filed her motion for certification, given the unique circumstances of this litigation, and should be allowed to re-file her motion for certification on the merits.

### *Conclusion and Recommendation*

For the reasons given above,

**IT IS RECOMMENDED** that plaintiff's motion for class certification be deemed timely;

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to re-file her motion for certification on the merits.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 19, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)