RECEIVED

MAR 1 7 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| COURTNEY SANDOZ | CIVIL ACTION NO.: 07-1308 |
| VERSUS | JUDGE DOHERTY |
| CINGULAR WIRELESS, LLC, ET AL | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the Court is a Motion for Reconsideration filed by defendants, Cingular Wireless LLC, AT&T Mobility LLC, and Cingular Wireless Employee Services, LLC. [Doc. 90] In the motion, defendants move this Court to reconsider its prior Order [Doc. 88], which conditionally certified a collective action under the Fair Labor Standards Act, arguing "the claims of any putative plaintiffs that would have been able to join Plaintiff's Wage Class, if any, are now barred by the FLSA's limitations period." [Doc. 90-1, p.7] In the alternative, defendants move the Court "to reconsider its Discovery Order, and, prior to requiring notice to be sent to putative class members, or establishing a discovery plan intended to identify other stores in which potential wage underpayments may have occurred, require the parties to first conduct discovery intended to determine whether, effective January 2006, the Kronos system eliminated the wage discrepancies of which Plaintiff complains." [Id. at 3]

Defendants assert they "began a company-wide roll out of the Kronos [payroll] system" in 2004, and the implementation of Kronos was complete effective January 2006 at the latest. [Id. at 3-4] Defendants further assert because "the Kronos system records the hours worked by an employee in 'real time,'" the circumstances giving rise to plaintiff's underpayment of minimum wage claim could no longer occur. [Id. at 3-4] Thus, defendants argue, because no claims similar to plaintiff's

1

could have arisen after the implementation of the Kronos system, and because the limitations period for an FLSA claim is, at most, three years, "any individuals with claims similar to Plaintiff would have had until approximately January 2009 to opt-in to this action." [*Id.* at 5] Defendants conclude, "That time has now long since passed."[1] [*Id.*]

A claim for unpaid minimum wages "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). However, plaintiff has raised the potential application of the doctrines of "equitable tolling" and "equitable estoppel" with regard to any putative plaintiffs, and the weight of authority appears to suggest those doctrines are available under the F.L.S.A.[2]

The "doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th

---

[1] The Court notes notice has still not been provided to prospective class members, as defendant's have challenged plaintiff's every effort toward that goal since the inception of this case, and continue to do so as of this writing. [*See e.g.* Doc. 111 (Defendant's Pending Objections to the Magistrate Judge's Order Approving the Second Revised Notice to Prospective Class Members)]

[2] *See e.g. U.S. v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986) (Vacating the portion of the district court's order which tolled claims of employees who had not yet opted into the class, finding that portion of the order was, in effect, an advisory opinion addressing parties which may never be before the court, but noting, "When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular scheme set forth in the FLSA."); *Ewer v. U.S.*, 63 Fed.Cl. 396, 402 (Fed.Cl. 2005)("Plaintiffs correctly note that the FLSA limitations period is not a statute of repose; thus, principles of equitable tolling apply."); *Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, — F.Supp.2d —, 2011 WL 420528, *3 (S.D.N.Y.); *Misra v. Decision One Mortg. Co., LLC*, 673 F.Supp.2d 987, 999 (C.D.Cal. 2008); *Asp v. Milardo Photography, Inc.*, 573 F.Supp.2d 677, 697 (D.Conn. 2008); *Hasken v. City of Louisville*, 173 F.Supp.2d 654, 661-62 (W.D.Ky. 2001); *Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691 (8th Cir. 1998); *Parlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981), *abrogated on other grounds in Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996).

Equitable estoppel has been defined by the Supreme Court as follows:

> "If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled ... (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired."

*Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59 (1984) (quoting Restatement (Second) of Torts § 894(1) (1979)). "Under equitable estoppel, an employer is estopped from asserting the filing period if the employer misrepresented or concealed 'facts necessary to support [the applicable claim].'"[3] *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878-79 (5th Cir.

---

[3] In support of her position that the doctrines of equitable estoppel and equitable tolling apply, plaintiff argues (with supporting documentation):

> Simply put, when Exception Time was rolled over to a later pay period there was no way for an employee to compare pay check stubs and time sheets for a particular pay period and determine whether he or she was paid properly for all hours worked during the period.
>
> The Dept. of Labor requires employers to keep and maintain records which explain and allow an employee to readily determine the basis of his or her pay for each workweek. This requirement includes not only information as to the monetary amount paid, the number of hours worked each workweek, and the date of payment, but also (a) the basis for the amount paid, (b) the total weekly straight-time earnings or wages due for hours worked during the workweek, (c) individual employee records showing the dates, amounts, and nature of any deductions, and (d) the pay period(s) covered by each payment. 29 C.F.R. §516.2(a). Emphasis added.
>
> Cingular failed to make this information available to the prospective class members, and failed provide the information to Plaintiff's attorney on written request. It required a lawsuit and considerable time and effort on the part of the plaintiff and Cingular's attorneys to obtain the payroll data that showed the basis for the amounts paid in each check and to create a report showing the hours and pay periods covered by each

1991)(quoting *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir. 1986)).

In the pending motion, defendants ignore plaintiff's argument regarding equitable tolling and equitable estoppel, with the exception of one footnote, which states:

> Plaintiff has previously requested, and the Court has previously denied, tolling of the statute of limitations in this matter for absent putative plaintiffs. The Court concluded that "Plaintiff has provided no legal authority which would show plaintiff has standing to move this Court to equitably toll claims on behalf of others who, at this point in the litigation, are not before the Court."

[Doc. 90-1, p.5, n.2] Defendants have apparently read more into that one particular statement than it was intended to convey. That statement was made in the context of this Court's Ruling on plaintiff's motion to stay and equitably toll this matter pending an appeal to the Fifth Circuit, and was merely meant to convey plaintiff had failed to carry her burden of proof to obtain the requested relief. It in no way addressed the substance of plaintiff's request, nor was it intended as a prohibition against plaintiff ever seeking the application of equitable tolling, should additional plaintiffs

---

paycheck.

[Doc. 94-1, p.4] Plaintiff concludes:

> As shown in the preceding section, Cingular's failure to disclose information required by regulation meant there was no way for Sandoz or similarly situated part time Retail Sales Consultants to know that minimum wage deficiencies were not only possible but did in fact occur, and no way for them to know that they had a claim under the FLSA.
>
> Ms. Sandoz repeatedly asked her manager and searched every available company online resource for an explanation of the discrepancies between her pay check hours and time sheet hours, to no avail. Cingular failed to provide the information to Plaintiff's attorney on written request. (See C. Zaunbrecher's letter of September 2, 2005, Exh. E (Doc. 43-9).
>
> It required a lawsuit and considerable time and effort on the part of Cingular's attorneys to obtain and assimilate the payroll data and to create a report showing the hours and pay periods covered by each paycheck.

[Id. at 7]

4

have failed to carry their burden of proof in support of the relief requested - *i.e.* that "the Court . . . reconsider its conditional certification of the Wage Class and hold that it should not, in fact, be conditionally certified" [Doc. 90-1, p.7] - as they have not addressed the doctrines of equitable tolling and equitable estoppel. Moreover, it would seem defendants cannot address those doctrines until discovery is complete and notice has been received by the putative class, as equitable tolling and equitable estoppel require fact-specific determinations which cannot be made until a putative plaintiff actually opts in to this collective action.

With regard to defendant's request for alternative relief - namely, that "the Court . . . reconsider its discovery order and, instead of focusing on identification of stores and individuals, focus on the impact of Kronos, as it, along with the application of the FLSA's limitations period, is dispositive of the class issues in this lawsuit" [Id.] - the motion is also denied. Defendant's argument does not convince this Court it should override the discovery fashioned by the magistrate judge as it would seem the discovery proposed by defendants will not aid the Court in determining the limitations issue, as it will not lead to the discovery of facts relevant to whether or not any putative plaintiff may rely upon the doctrine of equitable tolling and/or equitable estoppel.

## Conclusion

In light of the foregoing, defendants' Motion for Reconsideration [Doc. 90] is DENIED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 17th day of March, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE