UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**COURTNEY SANDOZ**                             **CIVIL ACTION NO. 07-cv-1308**

**VERSUS**                                      **JUDGE DOHERTY**

**CINGULAR WIRELESS, LLC,**                     **MAGISTRATE JUDGE HANNA**
**AT&T MOBILITY, LLC,**
**CINGULAR WIRELESS**
**EMPLOYEE SERVICES, LLC**

*Report and Recommendation*

Before the undersigned, on remand from the district court, is the defense Motion to Decertify Conditional Class [Rec. Doc. 158], for consideration of the defendants' statute of limitations defense.  In the original Report and Recommendation relative to the pending motion [Rec. Doc. 182], it was the finding and recommendation of the undersigned that class decertification was warranted based on the determination that the opt-in plaintiffs in the case are not similarly-situated to the named plaintiff, Courtney Sandoz.  Having made that finding and recommendation, this Court concluded that it need not address "the significant timeliness issues debated by the parties and whether equitable tolling should be applied 'across the board' without regard to individualized inquiries which separately or in combination could preclude a collective action." [Rec. Doc.

1

182, p. 18] The district court having disagreed with the undersigned that the opt-in plaintiffs are not similarly situated to Sandoz, remanded with the direction that the statute of limitations issue be considered.

## Factual and Procedural Background

The factual and procedural history of this case is well-recited in the record, most recently in the Ruling which issued the remand. [Rec. Doc. 185] The matter is a collective action under the Fair Labor Standards Act, 29 USCA §206 and §216, for the defendants' alleged failure to timely pay minimum wages for hours worked. Sandoz was a part-time retail sales consultant [RSC] for Cingular in Lafayette, Louisiana, from October 10, 2004 until her resignation on October 5, 2005. She alleges she was paid for a minimum of 19 hours per week at a rate of pay in excess of the minimum wage, and she regularly worked extra hours, referenced as "exception time." She asserts that although exception time was entered on an employee time sheet in the scheduled hours section, the defendants' policy was to not pay any wages for exception time in the next pay check if the store manager failed to verify the hours worked in a separate time entry report. [Rec. 1-1, para. 7] Sandoz alleges she was paid in arrears for her exception time hours worked on several occasions, and consequently, she was paid an amount below the minimum wage for the actual hours worked during pay periods when

her exception time was not paid concurrently with her payment for her regular 19 hours.

Sandoz filed this action on April 23, 2007, in the 15th Judicial District Court, Lafayette Parish, Louisiana; the matter was removed to this court in August, 2007. In June, 2008, Sandoz sought conditional class certification, for leave to notify prospective class members of the pendency of the action, and proposing a form for Notice to prospective class members. [Rec. Doc. 34] After objection regarding the scope of the proposed notice and charges that the proposed opt-in period (120 days) was overbroad, by January, 2009, Plaintiff sought a hearing on the Motion for Class Certification. The motion was treated as a second motion for class certification, addressing the issue of timeliness, and the first motion was denied as premature. [Rec. Doc. 63] On referral from the district court, the undersigned found that the motion was timely and recommended that Plaintiff be allowed to re-file the motion for certification on the merits. [Rec. Doc. 66] The motion was resubmitted on July 14, 2009. [Rec. Doc. 67] In a Report and Recommendation issued on February 22, 2010, the undersigned recommended that the motion be denied. [Rec. Doc. 80] On Plaintiff's objection, the district court issued a ruling on May 28, 2010, granting the motion in part and denying it in part. The motion was denied to the extent class certification was sought based on

recordkeeping violations, but the motion was granted to the extent it sought provisional certification of a class for minimum wage violations. Plaintiff was ordered to modify the proposed class, submit a revised proposed Notice Form for potential class members, and the parties were referred back to the undersigned for development of an appropriate discovery plan. [Rec. Doc. 87] Plaintiff's first proposed revised Notice met objection from the defendant regarding the time window. Through the summer of 2010, the parties worked with this Court's assistance to resolve their differences, and another version of the Notice was submitted by Plaintiff on October 8, 2010, resolving the time window dispute although disagreements continued over other aspects of the Notice. [Rec. Doc. 106]. After review of the remaining issues with the parties by this Court, a Second Revised Notice to Prospective Class Members was approved. [Rec. Doc. 109-1, 110].

On May 23, 2011, Plaintiff's counsel mailed the approved Notices to identified prospective class members, certifying same to the court. [Rec. Doc. 132, 132-1]. By the deadline date referenced on the notice (August 6, 2011), no notice forms had been filed with the court, and no request for extension of the deadline had been sought by Plaintiff. On August 8, 2011, the first 'opt-in' election was made by/for Gregory L. Pratt. Krista Stegall and Andre Savoie executed consents

to join the suit on August 9, 2011. [Rec. Doc. 129-131]. On August 12, 2011, a consent form was executed by Ebony Martin Plumbar. [Rec. Doc. 133]. In response to a defense Motion to Strike Untimely Opt-In Notices [Rec. Doc. 134] and Plaintiff's Cross Motion for Leave to File Opt-In Notices [Rec. Doc. 136], the undersigned found that "[B]y any analysis, the opt-ins made subject of the Motion to Strike were not timely executed and filed...." [Rec. Doc. 145, p. 9]. Further, the undersigned found that on the record presented, there was no "proof of excusable neglect sufficient to warrant ignoring and extending the agreed-upon and court-approved 'date certain' deadline in this case." [Rec. Doc. 145, p. 13].

Nevertheless, this Court found that while the reasons for the late filings appeared "dubious at best," allowing the *de facto* extension of the time for leave to file the opt in claims would not unduly prejudice the defendants. [Rec. Doc. 145, p. 13-14]. Objections to the report and recommendation were lodged by both parties. By Judgment entered March 7, 2012, the Motion to Strike Untimely Opt-In Notices was denied, and the Cross-Motion by Plaintiff was granted. [Rec. Doc. 151]. What followed were the plaintiff's Motion for Expansion of Minimum Wage Class [Rec. Doc. 153] and the defense Motion to Decertify Conditional Class, which raised the statute of limitations defense. [Rec. Doc. 158].

## Applicable Law and Analysis

*It is undisputed that the Opt-In Plaintiffs' claims are barred by the Statute of Limitations on their face.*

As this Court has discussed previously in this case, wage claims under the Fair Labor Standards Act are generally subject to a two-year limitations period. The limitations period expands to a total of three years if the FLSA violation was willful. See 29 U.S.C. §255(a). A violation is "willful" when the defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. *Reich v. Bay, Inc.* 23 F.3d 110, 117(5th Cir. 1994) citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988).  The limitations period, whichever is found to apply, continues to run against putative members of FLSA collective actions until those members actually opt in and join the collective action, and in such case, the cause of action is deemed commenced on the date the written consent is filed in the court where the action is commenced. 29 U.S.C. §256(b),  *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5(5th Cir. 1983).

In the Motion to Decertify Conditional Class, the defendants have asserted that the opt-in plaintiffs' claims are all time-barred, and on that basis they cannot be similarly situated to Sandoz. [Rec. Doc. 158-1, p. 8].  The defendants reference

a process begun in 2004 and continuing to January, 2006, when Cingular rolled out a new company-wide payroll system, KRONOS. The new system recorded employee time in "real time," and eliminated paper time sheets and the delay caused when those time sheets were not submitted timely. Sandoz has long acknowledged that this change "should have the effect of eliminating future minimum wage violations with respect to the putative class as a whole." [Rec. Doc. 34-1, p. 10]. Therefore, it is undisputed that the time window for any potential minimum wage payment violations as alleged by Sandoz closed by the end of January, 2006. Applying the two year limitations period of §255(a) would set the latest point at which a timely minimum wage violation complaint could be made at the end of January, 2008. On a showing of willfulness, triggering the three year period, the latest date would be January, 2009.

Courtney Sandoz was employed from October 10, 2004 until her resignation on October 5, 2005. She filed this action on April 23, 2007, within the two year limitations period of §255(a), and her claims are thus timely-filed by either analysis.

In response to the notice issued in this case to sixteen persons "who worked as part time retail sales consultant[s] at the Cingular retail store on Ambassador Caffery Parkway in Lafayette, Louisiana, at any time from April 1, 2004 to

January 1, 2006," four of Defendant's former employees elected to opt in to this collective action. [Rec. Docs. 129-131, 133]. Plaintiff has conceded that one of the four, Krista Stegall is not similarly situated to Sandoz for purposes of this action in that she was not classified as a part time RSC; she was scheduled to work and was regularly paid for 30 hours per week. [Rec. Docs. 170, p. 6; 183, pp. 5-6]. The three remaining opt-ins are Gregory Pratt, Andre Savoie, and Ebony Martin Plumbar, who the district court found to be similarly situated to Sandoz in the context of arguments that all "suffered actionable minimum wage violations due to defendant's late payment of wages and commissions." [Rec. Doc. 185, p. 23].

 Gregory Pratt worked as a part-time RSC for five months from June through October, 2005. [Rec. Doc. 158-1, Ex. 1]. Andre Savoie worked in the same capacity for four months from September through December, 2004. Ebony Martin Plumbar worked in the same capacity for approximately ten months from January through October, 2005. Thus, the latest possible wage violation against an opt-in plaintiff was October, 2005, the final possible month for any alleged underpayment as to those individuals. The first opt-in election, by Gregory Pratt, was made August 8, 2011, over five years after the last possible violation date and after the opt-in deadline agreed upon by the parties. Andre Savoie executed a consent to join the suit on August 9, 2011, over six years after his last date of

employment and after the opt-in deadline. [Rec. Doc. 129-131]. The next opt-in, by Ebony Martin Plumbar, occurred August 12, 2011, over five years after her last date of work and also past the opt-in deadline. [Rec. Doc. 133]. None of this is in dispute and Sandoz concedes that without the application of equitable tolling, all opt-in claims are time barred. [Rec. Doc.170, p. 14].

Therefore, it is the finding of the undersigned that the claims of each of the three opt-in plaintiffs are facially time-barred, since all fall beyond even the three-year[1] limitations period referenced in the statute. Only the claims of Courtney Sandoz have been timely presented.

*The Opt-in Plaintiffs Are Not Entitled to Equitable Tolling or Equitable Estoppel to Toll the Statute of limitations.*

The analysis of equitable tolling and equitable estoppel was addressed by the district court in its Memorandum Ruling on Defendants' Motion for Reconsideration of the court's conditional certification of this collective action. [Rec. Doc. 117]. At that early stage, before the identification and entry of the opt-in plaintiffs, the district court recognized that "equitable tolling and equitable estoppel require fact-specific determinations which cannot be made until a putative plaintiff actually opts in to this collective action." [Rec. Doc. 117, p. 5].

---

[1] The undersigned offers no analysis herein of the two year vs. three year limitations periods in the instant case.

That has now occurred.

Sandoz asserts that principles of equitable tolling apply to extend the limitations period for all the opt-in plaintiffs, since the defendants failed to provide the minimum information required by federal regulations to allow its employees to understand how they were being paid, and the employees were "necessarily unaware" that they had a claim. According to Sandoz, the basis for equitable tolling of the limitations period is the same for all employees, and "the relevant factor ("what the employee(s) knew about their pay versus hours worked") does not require individualized inquiries.

Contrary to the suggestions of the plaintiff, collective actions under the FLSA are not controlled by Rule 23[2]. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975). Unlike Rule 23 class actions, plaintiffs must "opt in" to a FLSA collective action. In *LaChapelle*, the court explained:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA s 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment,

---

[2] The filing of a class action under Federal Rule of Civil Procedure 23 tolls limitations for putative class members. Such tolling is justified because "[o]therwise, class members would be led to file individual actions prior to denial of class certification, in order to preserve their rights. The result would be a needless multiplicity of actions-precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 345 (1983).

10

whether favorable or unfavorable, unless he has "opted out" of the suit. Under s16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. (Internal citations omitted) It is crystal clear that s16(b) precludes pure Rule 23 class actions in FLSA suits.
*LaChapelle v. Owens-Illinois, Inc.* 513 F.2d 286, 288 (C.A.5, 1975).

Under 29 U.S.C. §256(b) of the FLSA, if a plaintiff is not a specifically named plaintiff but opts-in to a pending collective action, he commences his action "on the date on which such written consent is filed in the court in which the action is commenced." The limitations periods set out in §255(a) are, however, subject to tolling on equitable grounds. See *Hodgson v. Humphries*, 454 F.2d 1279, 1283–84 (10th Cir.1972). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 362 (5th Cir.1995)). If the relevant underlying facts are undisputed, a district court may grant or deny equitable tolling as a matter of law. See *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358 (5th Cir.2006); *Niehoff v. Maynard*, 299 F.3d 41, 47 (1st Cir.2002). Since the opt-in plaintiffs cannot "piggy-back" onto the date of the named plaintiff's claim to make their action timely, and therefore, they are all facially time-barred, for the opt-in plaintiffs to succeed, they must prove why their case should be exempt from the

standard FLSA rule by showing that they diligently pursued their rights yet were "unable to discover essential information bearing on the existence" of their claims. See *Pacheco v. Rice*, 966 F.2d 904, 906–07(5th Cir. 1992). This requirement necessarily directs individualized examination of the claims of each opt in plaintiff.

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling of the statute of limitations is based on the principle that no one " 'may take advantage of his own wrong.' " *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 596 (5th Cir.1981) (quoting *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959)). Specifically, "[e]quitable tolling focuses on the employee's excusable ignorance." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir.1991). It applies only in "rare and exceptional circumstances." *Teemac v. Henderson,* 298 F.3d 452, 457(5th Cir. 2002)(quoting *Davis v. Johnson*, 158 F.3d 806, 811(5th Cir. 1998). It is available only when a plaintiff diligently pursues his or her rights. *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23(5th Cir. 2005). A long line of cases have held that ignorance of the law, even when stemming from illiteracy, cannot justify tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S.

147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (finding that even a *pro se* plaintiff can forfeit his rights if he sleeps on them); *Fisher v. Johnson*, 174 F.3d 710, 714(5th Cir. 1999)("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that illiteracy and ignorance of the law cannot justify equitable tolling); *Teemac v. Henderson,* 298 F.3d 452, 458 (5th Cir. 2002) (finding that an employee's arguments that he did not work at post office very long, did not see informational posters and had a subordinate status as a casual worker did not excuse his noncompliance with informal complaint procedures.); *Archer v. Sullivan County, Tenn.*, 129 F.3d 1263, 1267, 1997 WL 720406 (6th Cir.1997) (holding that employer's failure to provide required Department of Labor notice of employee's rights under FLSA does not alone provide a basis for equitable tolling). In sum, the principles of equitable tolling described above "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct.453 (1990).

    Federal courts have typically extended equitable relief only sparingly, allowing equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. See *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court); *Herb v. Pitcairn*, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945) (same); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (plaintiff's timely filing of a defective class action tolled the limitations period as to the individual claims of purported class members); *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (adversary's misrepresentation caused plaintiff to let filing period lapse); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (same).  Courts have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 151.

This Court, in granting the after the fact extension for leave to file the opt-ins, did *not* find the excuses offered by the opt-in plaintiffs to rise even to the level of excusable neglect and does not now find that the excuses offered suffice to warrant the applicability of equitable tolling. At that time, despite the fact each had been located by Sandoz within the opt-in period, the opt-ins were simply filed after the deadline with no request for extension, explanation for the delay or

excuse. [Rec. Docs. 129-131, 133]. It was not until the defendants filed the Motion to Strike that Sandoz filed an opposition to the motion (along with a Cross Motion for Leave to File Opt-In Notices) in which form affidavits were provided to attempt to offer curative explanation and excuse. [Rec. Doc. 137]. Each offered five items of information: affirmation that they signed the opt-in form, the last time each had resided at the address shown on the Notice of Class Action, that they did not receive the Notice of Class Action before the date they signed the opt-in form, and that they were not aware of the deadline for joining the action prior to the date they signed the opt-in form. None of the five statements contain the type of information or justification for which equitable tolling has been allowed.

     Perhaps the strongest argument against the application of equitable tolling in the instant case is the fact that Sandoz, who shared the same workplace, job, and access to pay policies and details as the opt-in plaintiffs was, in the exercise of due diligence, able to present her claims within the two year limitations period of the statute. Thus, Sandoz's assertion in brief that "prospective class members could not with reasonable diligence discover facts essential to their claim, and were necessarily unaware that rolling over Exception Time had a potential sub-minimum wage effect," is deflated by the fact that Sandoz did make that discovery, within the limitations period. *See Pacheco v. Rice*, 966 F.2d 904, 906-

07(5th Cir. 1992) (equitable tolling is justified "when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim"). Since there is no detail is offered in the record to establish the requisite individual due diligence by Gregory Pratt, Andre Savoie or Erica Martin Plumbar sufficient to warrant tolling of the applicable limitations period, equitable tolling cannot be justified, and contrary to Sandoz's conclusory statement in brief, the opt-in plaintiffs are not similarly-situated to Ms. Sandoz "in every material respect."

The undersigned similarly concludes that Plaintiff has failed to show circumstances warranting equitable estoppel in this case. Equitable estoppel is defined by the Supreme Court as follows:

> If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled ... (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired.

*Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) (quoting Restatement (Second) of Torts § 894(1) (1979)). "Under equitable estoppel, an employer is estopped from asserting the

filing period if the employer misrepresented or concealed 'facts necessary to support [the applicable claim].' " *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878–79 (5th Cir.1991) (quoting *PruetProd. Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir.1986)). As Sandoz notes in brief, equitable estoppel most frequently applies where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. The nature of the defendant's conduct is of crucial significance in determining whether an equitable estoppel is justified. "[I]n order to create an estoppel, the conduct of the defendant must be so misleading as to cause the plaintiff's failure to file suit." *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1231(5th Cir. 1980). Consistent with the reasoning and record references set out above, the undersigned concludes that the application of the doctrine of equitable estoppel is not warranted on the facts of this case as set out in the record. The plaintiffs, who bear the burden of proof, have presented no evidence of wrongdoing on the part of Defendant that was intended to, and did, lull the three opt-in plaintiffs into failing to act timely to file suit or to timely opt in to this action.

### *Conclusions and Recommendations*

It is undisputed the claims of the opt-in plaintiffs are facially time barred. Thus, the burden of proving the inapplicability of the statute of limitations falls to

the plaintiffs. The only evidence presented concerning the three opt-in plaintiffs are bare-boned affidavits which are insufficient to justify the application of equitable estoppel or equitable tolling as to any of them. What remains clear is that Sandoz has made timely claims of violations of the FLSA, which the district court has found viable.

It is the finding of the undersigned that the claims of the three opt in plaintiffs Gregory Pratt, Andre Savoie and Erica Martin Plumbar are time-barred by the statue of limitations set out in the Fair Labor Standards Act, and there is no legal or evidentiary basis to conclude that the opt-in plaintiffs can benefit from equitable tolling or equitable estoppel. Therefore, this Court concludes the opt-in plaintiffs are not similarly-situated to Sandoz under the *Lusardi* second-step analysis discussed at length in prior rulings of the court and class decertification is warranted on that basis. It is recommended the Motion for Decertification of Conditionally-Certified Collective Action [Rec. Doc. 158] be granted, and the plaintiff's motion to expand notice should be denied as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court. A party may respond to another party's objections within fourteen days

after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 31st day of March, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge