UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

COURTNEY SANDOZ                          CIVIL ACTION NO. 07-cv-1308

VERSUS                                   JUDGE DOHERTY

CINGULAR WIRELESS, LLC,                  MAGISTRATE JUDGE HANNA
AT&T MOBILITY, LLC,
CINGULAR WIRELESS
EMPLOYEE SERVICES, LLC


*Report and Recommendation*

Before the undersigned, on referral from the district judge for report and

recommendation, is the defense Renewed Motion to Dismiss for Lack of Subject-

Matter Jurisdiction [Rec. Doc. 222].  For the reasons set out herein, it is the

recommendation of the undersigned that the motion be GRANTED.

**Background:**

The factual and procedural history of this case is well-recited in the record

of this court and the record of the Fifth Circuit Court of Appeals.[1]   The matter was

instituted as a collective action under the Fair Labor Standards Act, 29 USCA

§206 and §216, for the defendants' alleged failure to timely pay minimum wages

for hours worked.  Plaintiff Courtney Sandoz was a part-time retail sales

---

[1]*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913(5th Cir. 2008).

1

consultant [RSC] for Cingular in Lafayette, Louisiana, from October 10, 2004 until her resignation on October 5, 2005.  She alleges she was paid for a minimum of 19 hours per week at a rate of pay in excess of the minimum wage, and she regularly worked extra hours, referenced as "exception time."  She asserts that although exception time was entered on an employee time sheet in the scheduled hours section, the defendants' policy was to not pay any wages for exception time in the next pay check if the store manager failed to verify the hours worked in a separate time entry report. [Rec. 1-1, ¶ 7]. Sandoz alleges she was paid in arrears for her exception time hours worked on several occasions, and consequently, she was paid an amount below the minimum wage for the actual hours worked during pay periods when her exception time was not paid concurrently with her payment for her regular 19 hours.

Sandoz filed this action on April 23, 2007, in the 15th Judicial District Court, Lafayette Parish, Louisiana; the matter was removed to this Court in August, 2007.  On September 6, 2007, the defendants served Sandoz with an Offer of Judgment pursuant to Rule 68. [Rec. Doc. 17-19]. The offer provided for a payment of $1,000.00, plus additional amounts for reasonable attorneys fees to be determined by the court. The offer was not accepted, and in the same month Sandoz moved to strike the offer, urging that an offer made only to the class

representative cannot form the basis for the imposition of costs pursuant to Rule 68. [Rec. Docs. 7, 9]. Sandoz did not argue the sufficiency of the amount offered as to her individual claim.

On October 9, 2007, the defendants filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Rec,. Doc. 16], asserting that the Offer of Judgment to Sandoz fully satisfied her demand as the sole individual in the lawsuit and accordingly the Offer of Judgment resolved any case or controversy before the court, depriving the court of subject-matter jurisdiction over her claim. [Rec. Doc. 17].  The motion was opposed by Sandoz [Rec. Docs. 20, 30], however she did not argue against the sufficiency of the offer amount or otherwise challenge the detailed supporting pay records supplied with the motion.  On May 13, 2008, the court denied the plaintiff's Motion to Strike, finding that since an offer of judgment is not a "pleading" filed into the record unless accepted, "there is nothing for the Court to strike." [Rec. Doc. 28, p. 4].  In that Memorandum Ruling, which also addressed the defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, the district court noted that

> Plaintiff does not argue defendant's offer is insufficient to satisfy her individual demand; rather, she argues the offer is insufficient to satisfy the damages suffered by the putative class, and any offer of judgment is premature until the issue of class certification is addressed by the Court. [Rec. Doc. 28, p. 2].

3

The district court denied the defendants' original Motion to Dismiss, finding that to allow the defendants to "pick off" the plaintiff at such an early stage would thwart the purposes of collective actions. [Rec. Doc. 28, p. 13]. On June 3, 2008, the defendants filed a Motion to Certify the Court's Order for Interlocutory Appeal and to Stay Proceedings. [Rec. Doc. 31].  Citing to the district court's determination that the law was unclear regarding the defense argument that the offer of judgment was sufficient to moot the plaintiff's claims, and arguing that the mootness issue represents controlling questions of the law underlying subject-matter jurisdiction, and that a determination on appeal of the jurisdictional issue would lead to an immediate termination of the lawsuit, the defendants requested the certification pursuant to 28 U.S.C. §1292(b).  The district court agreed and certified the matter for interlocutory appeal. [Rec. Doc. 41].

Also in June, 2008, Sandoz sought conditional class certification, for leave to notify prospective class members of the pendency of the action, and proposed a form for Notice to prospective class members. [Rec. Doc. 34].

On December 23, 2008, in considering the case on interlocutory appeal, the Fifth Circuit dealt with "the difficult question of when an employer can moot a purported collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219, by paying an employee's claim in full." *Sandoz v. Cingular*

4

*Wireless LLC*, 553 F.3d 913, 914 (5th Cir. 2008). The circuit court generally agreed with the concerns of the district court that a ruling allowing a defendant to "pick off" a named plaintiff's FLSA claim before she has a chance to certify the collective action would obviate one purpose of the collective action provision. However, the circuit court cited the long-discussed differences between Rule 23 class actions and §216(b) collective actions to find that under the provisions of §216(b) and the cases construing the provisions:

> Sandoz cannot represent any other employees until they affirmatively opt in to the collective action. This means that when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims. If our analysis stopped there, Sandoz's case would be moot. *Sandoz*, 553 F.3d at 919.

After carefully considering the unique facts of the case, the Fifth Circuit vacated the district court's denial of the defendant's motion to dismiss for lack of subject matter jurisdiction and remanded the matter for consideration of the timeliness and, if necessary, the merits of Sandoz's motion to certify. Explaining its decision, the circuit court noted:

> However, Sandoz did not file her motion to certify until thirteen months after she filed her complaint, and relation back is warranted only when the plaintiff files for certification "without undue delay." See *Weiss*, 385 F.3d at 348. On remand, the district court must determine, under these unique facts, whether Sandoz timely sought certification of her collective action. If she did, then her motion

relates back to the filing of her initial state court petition.  Further if
the court ultimately grants the certification motion, then Cingular's
Rule 68 offer of judgment only to Sandoz did not moot the case.
Conversely, if the court denies the certification motion, then Sandoz
still represents only herself, and Cingular's Rule 68 offer of judgment
rendered the case moot.  *Sandoz*, 553 F.3d at 921.

By January, 2009, Sandoz sought a hearing on the Motion for Class

Certification.  The motion, treated as a second motion for class certification,

addressed the issue of timeliness, and the first motion was denied as premature.

[Rec. Doc. 63]. On referral from the district judge, the undersigned found that the

motion was timely and recommended that Plaintiff be allowed to re-file the motion

for certification on the merits. [Rec. Doc. 66]. It was resubmitted on July 14, 2009.

[Rec. Doc. 67]. In a Report and Recommendation on February 22, 2010, the

undersigned recommended that the motion be denied. [Rec. Doc. 80]. Over the

plaintiff's objection, the district judge issued a ruling on May 28, 2010, granting

the motion in part and denying it in part.  The motion was denied to the extent

class certification was sought relative to record keeping violations, but the motion

was granted to the extent it sought provisional certification of a class for minimum

wage violations.  Sandoz was ordered to modify the proposed class accordingly

and submit for approval a revised proposed Notice Form for potential class

members, and the parties were referred back to the undersigned for development

of an appropriate discovery plan. [Rec. Doc. 87].  Another version of the Notice
was submitted by Sandoz on October 8, 2010, resolving the time window dispute,
but disagreements remained on other aspects of the Notice. [Rec. Doc. 106].  On
the order of the undersigned, a Second Revised Notice to Prospective Class
Members was approved. [Rec. Doc. 109-1, 110]. On May 23, 2011, plaintiff's
counsel mailed the approved Notices to identified prospective class members,
certifying same to the court. [Rec. Doc. 132, 132-1]. By the deadline date
referenced on the notice (August 6, 2011), no notice forms had been filed with the
court, and no request for extension of the deadline had been sought by the
plaintiff.  On August 8, 2011, the first 'opt-in' election was made by/for Gregory
L. Pratt.  Krista Stegall and Andre Savoie executed consents to join the suit on
August 9, 2011. On August 12, 2011, a consent form was executed by Ebony
Martin Plumbar. In response to a defense Motion to Strike Untimely Opt-In
Notices [Rec. Doc. 134] and the plaintiff's Cross Motion for Leave to File Opt-In
Notices [Rec. Doc. 136], the undersigned found that "[B]y any analysis, the opt-
ins made subject of the Motion to Strike were not timely executed and filed...."
[Rec. Doc. 145, p. 9]. Further, the undersigned found that there was no "proof of
excusable neglect sufficient to warrant ignoring and extending the agreed-upon
and court-approved 'date certain' deadline in this case."[Rec. Doc. 145, p. 13].

Nevertheless, the court found that while the reasons for the late filings appeared "dubious at best," allowing the six day delay for the opt in filings would not unduly prejudice the defendants.  [Rec. Doc. 145, p. 13-14]. Objections to the report and recommendation were lodged by both parties.  By Judgment entered March 7, 2012, the Motion to Strike Untimely Opt-In Notices was denied, and the Cross-Motion by the plaintiff was granted. [Rec. Doc. 151]. What followed were the plaintiff's Motion for Expansion of Minimum Wage Class [Rec. Doc. 153] and the defense Motion to Decertify Conditional Class. [Rec. Doc. 158].

In the Motion to Decertify Conditional Class, the defendants asserted that the opt-in plaintiffs' claims were all time-barred, and on that basis they cannot be similarly situated to Sandoz. [Rec. Doc. 158-1, p. 8]. In a Report and Recommendation issued November 13, 2012 [Rec. Doc. 182], the undersigned, applying the *Lusardi* second-step analysis, recommended that the motion to decertify be granted and that the claims of the opt-in plaintiffs be dismissed. Objections were lodged by Sandoz, and in a ruling issued March 27, 2013, the district court found that the opt-in claimants were similarly situated to Sandoz in that each suffered actionable minimum wage violations, such that decertification was not warranted on that basis.  However, the matter was remanded to the undersigned to consider the defendants' statute of limitations defense, which had

8

not been addressed in the Report and Recommendation. [Rec. Doc. 185, p. 23].

On remand, the parties submitted supplemental memoranda on the timeliness issues, and the undersigned found that the claim of Courtney Sandoz was filed within the two year limitations period established at §255(a) of the Fair Labor Standards Act. [Rec. Doc. 204].  As to the four former employees who elected to opt in to the collective action, the plaintiff conceded that one (Krista Stegall) is not similarly situated for the purpose of this action. Gregory Pratt opted in on August 8, 2011, beyond the opt-in deadline and over five years after his last employment with the defendant; Andre Savoie opted in over six years after his last date of employment and after the opt-in deadline.  Finally, Ebony Martin Plumbar opted in over five years after her last date of work and past the opt-in deadline.  It was the finding of the undersigned that the claims of each of the opt-in plaintiffs are facially time-barred, since all fall beyond even the three-year 'willfulness' limitations period referenced in the FLSA statute.

This Court then considered whether equitable tolling should apply, acknowledged by the plaintiff to be the only way the claims could survive.  In making the requisite individualized examination of the claims of each opt-in plaintiff, it was the conclusion of the undersigned that the application of the doctrine of equitable estoppel is not warranted on the facts set out in the record

and the plaintiffs' failure to present evidence of wrongdoing on the part of the defendants that "was intended to, and did, lull the three opt-in plaintiffs into failing to act timely to file suit or to timely opt in to this action." [Rec. Doc. 204, p. 17]. Therefore, it was recommended that the Motion for Decertification of Conditionally-Certified Collective Action [Rec. Doc. 158] be granted and the deferred motion to expand notice should be denied as moot. [Rec. Doc. 204, p. 18]. Objections were again lodged by the plaintiff.  On July 3, 2014, the recommendations of the undersigned were adopted by the district court, and the motion for decertification was granted, dismissing the claims of the opt-in plaintiffs with prejudice. [Rec. Doc. 216].  Left standing was Courtney Sandoz's timely individual claim of violation of the FLSA.

On October 14, 2014, the defendants renewed their earlier Motion to Dismiss for Lack of Subject-Matter Jurisdiction. [Rec. Doc. 222].  They argued that with the dismissal of all claims except for Sandoz's individual FLSA claim and the earlier decision of the Fifth Circuit, Cingular's Rule 68 offer of judgment, which was not accepted by the plaintiff, now renders the case moot, and this court is without subject matter jurisdiction over the matter. *See Sandoz*, 553 F.3d at 921. The motion is opposed by the plaintiff, arguing for the first time that the offer of judgment was insufficient to satisfy Courtney Sandoz's claims.

*Applicable Law and Discussion*

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *Clean COALition v. TXU Power*, 536 F.3d 469, 470(5th Cir. 2008).  Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. Art. III, §2, cl. 1. This clause requires that parties seeking to invoke federal jurisdiction demonstrate that they have a legally cognizable interest or personal stake in the outcome of the case. *Genesis Healthcare Corp. v. Symczyk*, __ U.S. __, 133 S.Ct. 1523, 1528 (2013).  A live controversy must exist at every stage of the litigation. *Id.* If an intervening circumstance deprives a plaintiff of a personal stake in the case or makes it impossible for the court to grant any effectual relief, the case must be dismissed as moot. *Chafin v. Chafin*, __ U.S. __, 133 S.Ct. 1017, 1023 (2013) (internal quotation marks and citation omitted).  See also *Suttles v. Specialty Graphics, Inc.*, 2015 WL 590241, at *2 (W.D. Tex. Feb. 11, 2015).

In instances where a defendant initiates the court's jurisdictional review, courts must distinguish between "facial" and "factual" attacks.  *Paterson v. Weinberger*, 644 F.2d 521, 523(5th Cir. 1981).  "[I]f the defense merely files a

Rule 12(b) (1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* In contrast, "[i]f a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson*, 644 F.2d at 523. In this situation, "[a] court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew v. Continental Airlines, Inc*., 668 F.3d 777, 781(5th Cir. 2012) (citation and internal quotations omitted). When facing a "factual attack," a plaintiff generally should "submit facts through some evidentiary method." *Paterson*, 644 F.2d at 523. Bearing the burden of proof, the plaintiff must prove by a preponderance of the evidence that the court possesses jurisdiction to hear the dispute. *Ballew*, 668 F.3d at 781(citation omitted).

On September 6, 2007, the defendants offered under Rule 68 to allow judgment to be taken against them and in favor of Courtney Sandoz,

> in the total gross amount of One Thousand Dollars and No/100($1,000.00), inclusive of all claims, costs, and damages, whether legal or equitable.  Pursuant to 29 U.S.C. §216(b), Cingular further offers to pay the reasonable attorney's fees incurred by Plaintiff in this matter, in an amount to be set and decided by the

Court. [Rec. Doc. 17-19].

As cited above from this case's history, the Fifth Circuit has already recognized that in certain circumstances a Rule 68 offer of judgment that fully satisfies a plaintiff's claim moots that claim. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914-15, 919(5th Cir. 2008). An incomplete offer of judgment-that is, one that does not offer to meet the plaintiff's full demand for relief-does not moot the plaintiff's claims. See *Payne v. Progressive Financial Services, Inc.*, 748 F.3d 605, 607 (5th Cir. 2014) (citing *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567-70 (6th Cir. 2013); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1167-68(11th Cir. 2012); *Gates v. Towery*, 430 F.3d 429, 431(7th Cir. 2005). The rationale for this rule is that when a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d at 567-68; *Zinni,* 692 F.3d at 1167-68.

The issue presently before the court, on the decertification of the conditionally-certified collective action  and dismissal of all opt-in claimants by Judgment in July, 2014 [Rec. Doc. 216], is whether the defendant's Rule 68 offer of judgment to Sandoz serves to moot her remaining personal claims. The

13

defendants assert that the question has already been answered by the Fifth Circuit in its ruling, discussed at length above.  They argue that the ruling and conclusions of the circuit court constitute the law of this case, and, under the corollary 'mandate rule,' this court should not revisit those conclusions.

Under the "law of the case" doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal. *Todd Shipyards Corp. v. Auto Transportation*, 763 F.2d 745, 750 (5th Cir. 1985).  This doctrine serves the practical goals of encouraging finality of litigation and discouraging 'panel shopping.' While the doctrine is not inviolable, the decision of an appellate court must be followed in all subsequent proceedings in the same case unless: (1) the evidence in a subsequent trial is substantially different; (2) the prior decision was "clearly erroneous and would work manifest injustice"; or (3) controlling authority has in the interim made a contrary decision of law applicable to the disputed issue. *Falcon v. General Telephone Co.*, 815 F.2d 317, 320 (5th Cir. 1987). See also *Illinois Cent. Gulf R. Co. v. International Paper Co.*, 889 F.2d 536, 539 (5th Cir. 1989).  The law of the case doctrine was developed to "maintain consistency and avoid [needless] reconsideration of matters once decided during the course of a single continuing lawsuit." 18 Charles A. Wright et al., Federal Practice and

Procedure §4478, at 788(1981).  "These rules do not involve preclusion by final judgment; instead, they regulate judicial affairs before final judgment." *Id.* The doctrine applies to matters decided on interlocutory appeal. *Royal Ins. Co. Of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 881(5th Cir. 1993).  Further, the doctrine extends to those issues "decided by necessary implication as well as those decided explicitly." *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1098(5th Cir. 1983)(citation, quotation marks, and emphasis omitted).  While dictum is not the law of the case, an alternate holding can establish the law of the case.  *See U.S. v. Sanchez*, 35 F.3d 673, 677-678(2d Cir. 1994), certiorari denied 115 S.Ct. 1404, 514 U.S. 1038, 131 L.Ed.2d 291; Law of the Case, 18B Fed. Prac. & Proc. Juris. 4478 (2d ed.).

The *mandate rule*, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. This prohibition covers issues decided both expressly and by necessary implication, and reflects the jurisprudential policy that once an issue is litigated and decided, that should be the end of the matter.  *See United States v. Pineiro*, 470 F.3d 200, 205(5th Cir. 2006).  When on remand the district court acts to implement the mandate, it must proceed within the letter and spirit of the mandate

15

by taking into account the appeals court's opinion and the circumstances it embraces. *United States v. Pineiro*, 470 F.3d at 205.  All other issues not arising out of the appellate court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below. *Id.*

In the instant case, a reading of the Fifth Circuit decision confirms that the appellate court issued alternate holdings on the mootness question, dictating the final answer to the presenting question, depending on the action by the district court on remand:

> On remand, the district court must determine, under these unique facts, whether Sandoz timely sought certification of her collective action.  If she did, then her motion relates back to the filing of her initial state court petition.  Further if the court ultimately grants the certification motion, then Cingular's Rule 68 offer of judgment only to Sandoz did not moot the case.  **Conversely, if the court denies the certification motion, then Sandoz still represents only herself, and Cingular's Rule 68 offer of judgment rendered the case moot.** *Sandoz*, 553 F.3d at 921.[Emphasis added].

There was no instruction on remand to warrant revisiting the sufficiency of the offer of judgment in this case.  The district court has already found that the plaintiff  failed to argue that the defendant's offer is insufficient to satisfy her individual demand [Rec. Doc. 28, p. 2], and the Fifth Circuit confirmed that "when Cingular made its offer of judgment, Sandoz represented only herself, and the

16

offer of judgment fully satisfied her individual claims." *Sandoz*, 553 F.3d at 919.

The plaintiff's attempt to revive this issue to which she gave no attention through

the district court and interlocutory appellate proceedings flies in the face of the

law of the case doctrine and the mandate rule, and Sandoz has offered no

reasonable grounds for deviation from those rules.

Sandoz next argues that the district court did not deny her motion for

conditional certification, placing her case within the context of the first alternative

ruling posed by the Fifth Circuit, however in making that argument Sandoz

ignores the appellate court's focus on the "ultimate" outcome of the certification

effort and the district court's ultimate decertification action and dismissal with

prejudice of the tardy, and therefore dissimilar, opt-in claimants.  "Whatever

significance "conditional certification" may have in §216(b) proceedings, it is not

tantamount to class certification under Rule 23."  *Genesis Healthcare v. Symczyk*,

133 S.Ct. at 1532.

> Under the FLSA, conditional certification does not produce a class
> with an independent legal status, or join additional parties to the
> action.  The sole consequence of conditional certification is the
> sending of court-approved written notice to employees, who in turn
> become parties to a collective action only by filing written consent
> with the court.

*Genesis Healthcare v. Symczyk,* 133 S.Ct. at 1530[internal citations omitted].

17

On remand, for consideration of the timeliness and, if necessary, the merits of the motion to certify, the plaintiff's certification effort "ultimately" resulted in decertification of the conditionally-certified collective action and dismissal of all opt-in claimants, leaving Sandoz to represent only herself.  That outcome is contemplated in the Fifth Circuit ruling and the result has already been dictated in the ruling.  It may properly be construed as law of the case and answers the mootness question presented.

Despite the split in the circuits on the mootness question, the Fifth Circuit's ruling in *Sandoz* has been cited as and remains binding authority in this circuit for the conclusion that an unaccepted offer of judgment that affords a plaintiff full relief serves to moot her claims. That decision stands, even after *Genesis*, despite the strong dissents in that case, which favor the plaintiff.  *See Masters v. Wells Fargo Bank S. Cent., N.A.*, 2013 WL 3713492, at *4(W.D.Tex. July 11, 2013)("The Fifth Circuit holds an unaccepted offer fully satisfying a claim does moot the claim, and this Court is bound to apply this rule, [plaintiff's] pleas to follow Justice Kagan's dissent notwithstanding."); *Hooks v. Landmark Industries*, 2014 WL 2981229 (S.D.Tex. July 1, 2014) (This court must follow Fifth Circuit precedent, Justice Kagan's dissent in *Genesis* notwithstanding.);  *Bank v. Spark Energy Holdings LLC*, 2013 WL 5724507(S.D.Tex.Oct. 18,2013) (This Court will

18

continue to follow Fifth Circuit precedent that holds that a Rule 68 offer that satisfies the entirety of a named plaintiff's claims, where no class has been certified, and where no exceptions apply, both the named plaintiff's claims and the class action become moot.). Thus it cannot be argued that controlling authority has in the interim made a contrary decision of law applicable to the disputed issue, so as to create an exception to the application of the law of the case doctrine. The *Genesis* majority held that the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied. *Genesis Healthcare Corp. v. Symczyk*, 553 S.Ct. at 1529. Accordingly, *Sandoz* serves as the binding decision on the impact of the unaccepted offer of judgment by the defendants to Sandoz. That authority dictates that Courtney Sandoz stands as the only individual in this lawsuit (as she did at the time of the offer of judgment), and her claims have been satisfied through the offer of judgment. Her claims are therefore moot, and this Court is without subject-matter jurisdiction to proceed further.

### *Conclusions and Recommendation*

Based on the foregoing, and mandated by the ruling of the Fifth Circuit in this matter, it is the recommendation of the undersigned that Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction be granted and that the claims

of Courtney Sandoz be dismissed on that basis.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 6th day of April, 2015.

_____

Patrick J. Hanna
United States Magistrate Judge