RECEIVED
MAR 3 1 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| COURTNEY SANDOZ | CIVIL ACTION NO.: 07-1308 |
| VERSUS | JUDGE DOHERTY |
| CINGULAR WIRELESS, LLC, ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is plaintiff Courtney Sandoz's motion to review the Clerk of Court's taxation of costs. [Doc. 256] For the following reasons, the motion is GRANTED.

This matter was instituted as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 216, for the defendants' failure to timely pay minimum wages for hours worked. On May 28, 2010, the Court provisionally certified a collective action for minimum wage violations, finding plaintiff had presented a colorable claim that defendants were in violation of the minimum wage requirements of the FLSA.[1] [Doc. 88] On March 27, 2013, the Court determined plaintiff had met her burden to show the provisional class should be expanded to include all part time Retail Sales Consultants who worked in any Cingular Retail Store during the relevant time period. [Doc. 185, p. 25] However, the Court deferred issuance of notice to the expanded class, pending a final determination as to whether the claims of the opt-in plaintiffs were barred by the statute of limitations. [Id.] On July 3, 2014, defendant's motion for decertification was granted, as the Court found the opt-in plaintiffs' claims were time-barred, thus leaving Ms. Sandoz as the sole plaintiff.

---

[1] The Court further found defendants had a nationwide policy that "not only allows, but compels deferral of payment for untimely submitted or approved timesheets, resulting in circumstances where the deferral can result in payments of less than *minimum wage for the weeks worked* (and indeed does appear to have resulted in payments of less than minimum wage to plaintiff on certain occasions). [Doc. 87, p. 16 (emphasis in original)]

1

[Doc. 216]  On June 2, 2015, the Court granted defendant's motion to dismiss for lack of subject matter jurisdiction.[2] [Doc. 250]

On July 1, 2015, defendants filed a Bill of Costs, seeking costs in the amount of $1,540.76. [Doc. 252] The Clerk of Court ultimately determined defendants were entitled to only $940.50 in costs. [Doc. 255] Plaintiffs now seek review of the Clerk's taxation of costs, and ask that costs in this matter be denied.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states, "Unless . . . a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  While the rule grants the district court discretion to deny costs to a prevailing party, "the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)(quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

In *Pacheco*, the court enumerated several illustrative reasons to justify withholding costs from a prevailing party, including: the losing party's good faith in its prosecution of the action[3]; the losing party's limited financial resources; misconduct by the prevailing party; close and difficult legal issues presented; and substantial benefit conferred to the public. *Id.* at 794-95.  While *Pacheco* additionally listed as a factor "the prevailing party's enormous financial resources," *id.* at 794, the Fifth Circuit has since held that "reducing or eliminating a prevailing party's cost award based on

---

[2]Because all claims except Sandoz's individual FLSA claim had been dismissed, the Court found defendant's prior Rule 68 offer of judgment, which plaintiff did not accept, rendered the case moot because it fully satisfied Sandoz's individual claim.

[3]Good faith alone cannot form the basis for a denial of costs; rather, good faith must be coupled with at least one other factor in order to deny costs to the prevailing party. *Pacheco* at 794.

2

its wealth–either relative or absolute–is impermissible as a matter of law." *Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 319-20 (5th Cir. 2013). In conformity with *Moore*, this Court disregards plaintiffs' reference to defendant's "enormous financial resources" as a factor in support of their motion. [Doc. 256, p. 2]

Plaintiffs argue they should not be assessed with costs in this matter in light of their good faith in the prosecution of this action, their limited financial resources[4], the close and difficult legal issues presented[5], misconduct by the prevailing party[6], and the benefit conferred to the public by this suit.[7] [Doc. 256] Defendants respond their original request for $1,540.76 in costs "has already been significantly reduced and limited by the Clerk of Court," and note they did not file a motion seeking reversal of that portion of the Clerk's decision[8]; defendants state they "simply seek to exercise their right . . . to recover at least a small portion of the significant costs and expenses they were required to expend in defending a purported collective action in which all actual or ostensible opt-in plaintiffs were necessarily barred by the applicable statute of limitations." [Doc. 258, p. 2]

---

[4] Plaintiffs contend, "The Court determined the Plaintiffs were low wage, part-time employees whom Cingular paid in some weeks effectively a sub minimum wage. In addition to demonstrating the losing parties' limited financial resources, the adjudication means the Plaintiffs prevailed in showing Cingular's FLSA violations. " [Doc. 256, p. 1]

[5] Plaintiffs note, "The Opt-in Plaintiffs' claims were dismissed and the class decertified on the basis of a time limitations defense, which presented close and difficult principles of equitable estoppel and tolling." [Id. at 2]

[6] Plaintiffs argue defendant's "violations of the FLSA wage disclosure regulations effectively concealed the minimum wage shortages long enough for the claims to lapse." [Id.]

[7] Plaintiffs contend their action "conferred a public benefit by bringing Cingular's FLSA violations to light, allowing notice to affected employees and eliminating the violations, functions ordinarily exercised by the Secretary of Labor." [Id.]

[8] The Court notes the Clerk of Court declined to award defendants' request for $600.26 in "Photo Reproduction/Copy Charges," in light of defendants' failure to demonstrate their entitlement to these costs pursuant to 28 U.S.C. § 1920. [Doc. 258, p. 2]

3

This Court has previously found defendants failed to pay plaintiffs the minimum wage for all hours worked in certain pay periods. [Doc. 185, pp. 20-23, and n. 18] While the claims of the opt-in plaintiffs were ultimately determined to be barred by the applicable statute of limitations, nonetheless, the violations occurred. Thus, the Court finds plaintiffs' prosecution of their claims was in good faith. This Court previously had occasion to review payroll records for plaintiffs and found plaintiffs were not paid minimum wage for certain pay periods. [Id.] From the Court's review of payroll records for plaintiffs, the Court is of the opinion plaintiffs were low-wage workers with limited financial resources. The Court further finds this collective action has involved several close and difficult legal issues, particularly as there is little guidance in this Circuit regarding FLSA collective action suits. Additionally, this Court as well as the Fifth Circuit "deal[t] with the difficult question of when an employer can moot a purported collective action under the Fair Labor Standards Act . . . by paying an employee's claim in full." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914 (5th Cir. 2008). Finally, the Court finds this suit has resulted in a substantial benefit to the public, as it would seem going forward, these particular defendants will be more cognizant of their duties under the FLSA.

In light of the foregoing, plaintiffs' motion to review the Clerk of Court's taxation of costs [Doc. 256] is GRANTED; no costs will be awarded to defendants in this matter.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __31__ day of March, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE