UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COURTNEY SANDOZ, | § |
| | § |
| Plaintiff, | § Civil Action No. 6:07-cv-01308 |
| | § |
| v. | § Judge Summerhays |
| | § |
| CINGULAR WIRELESS LLC, AT&T | § Magistrate Judge Hanna |
| MOBILITY LLC and CINGULAR | § |
| WIRELESS EMPLOYEE SERVICES, LLC, | § |
| | § |
| Defendants. | § |

**MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR AN ORDER APPROVING THE SETTLEMENT AGREEMENT AND ITS FILING UNDER SEAL AND DISMISSING THE ACTION WITH PREJUDICE**

Pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act (the "FLSA"), Plaintiff Courtney Sandoz ("Plaintiff" or "Sandoz") and Defendants Cingular Wireless LLC, AT&T Mobility LLC and Cingular Wireless Employee Services, LLC (collectively, "Defendants" and, together with Plaintiff, the "Parties"), file this Memorandum in Support of the Parties' Joint Motion for an Order Approving the Settlement Agreement and Its Filing Under Seal and Dismissing the Action with Prejudice (the "Joint Motion"). In support of the Joint Motion, the Parties respectfully state as follows:

I. **RELEVANT BACKGROUND**

A. **The Parties' Bona Fide Dispute**

Plaintiff was employed by Defendants as a part-time Retail Consultant from October 10, 2004, until her resignation on October 5, 2005. On or around April 23, 2007, Plaintiff filed a collective action against Defendants under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et*

*seq.*, hereinafter, the "FLSA") in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, alleging minimum wage violations (the "Lawsuit"). In the Lawsuit, Sandoz alleges that Defendants paid her for a minimum of 19 hours per week at a rate of pay in excess of the then minimum wage of $5.15 per hour, that she regularly worked extra hours, referred to as "exception time," that Defendants paid her in arrears for the exception time on certain occasions and that consequently, she was paid an amount below the minimum wage for her actual hours worked during workweeks when her exception time exceeded fifteen hours.

Defendants removed the Lawsuit to the U.S. District Court for the Western District of Louisiana, Lafayette Division on August 13, 2007, and on August 20, 2007, answered Plaintiff's Complaint, denying liability and asserting certain affirmative defenses. Throughout the pendency of this Lawsuit, Defendants have maintained and continue to maintain that Plaintiff did not suffer any wage violations and that accordingly, Plaintiff is neither entitled to any damages in this Lawsuit, nor any other relief whatsoever. The Parties have litigated various legal and procedural issues in the Lawsuit for more than a decade, including class certification. On July 3, 2014, this Court de-certified Plaintiff's conditionally-certified class and dismissed the claims of the opt-in plaintiffs, with prejudice. Following this de-certification and dismissal in 2014, the only claim in this Lawsuit "[l]eft standing was [Plaintiff's] timely, individual claim of the violation of the FLSA." *See* July 26, 2018 Preliminary Findings to the Parties at 10. On January 13, 2017, the Fifth Circuit affirmed this Court's de-certification of Plaintiff's conditionally-certified class.

Rather than recounting the protracted factual and procedural history of this Lawsuit here, with which the Court is already intimately familiar, the Parties instead adopt and incorporate the

4816-9857-2666v1
2900059-000020 11/13/2018

factual background of this Lawsuit as set forth in the Honorable Patrick J. Hanna's July 26, 2018 preliminary findings to the Parties (the "Preliminary Findings").

### B. The Parties' Fair and Reasonable Settlement of the Lawsuit

In light of Judge Hanna's Preliminary Findings and in an effort to settle all of Plaintiff's remaining claims in this Lawsuit, the Parties attended a settlement conference before Judge Hanna on October 11, 2018. The next day, on October 12, 2018, the Court filed a docket entry in this Lawsuit noting that "[a]t the conclusion of the conference, the parties reached an amicable settlement of the dispute in principle" and instructing the Parties to "submit the proposed settlement to this Court for approval pursuant to the statute." (Doc No. 280).

Accordingly, on November 8, 2018, the Parties executed a Confidential Settlement Agreement and Release of Claims (the "Settlement Agreement" or the "Agreement"). The Parties now respectfully request that the Court grant an Order allowing the Parties to file the Settlement Agreement under seal for in-camera review to protect the Parties' promises of confidentiality and non-disclosure, both of which were material inducements for Defendants to enter into the Settlement Agreement. For the reasons set forth in greater detail below, the Parties seek a further Order from this Court approving the Settlement Agreement's terms. Finally, the Parties also request that upon approval of the Parties' Settlement Agreement, the Court order the dismissal of the Lawsuit in its entirety, with prejudice.

## II. DISCUSSION

### A. This Court Should Grant an Order Permitting the Parties to File the Settlement Agreement Under Seal for In-Camera Review and Final Approval.

As a threshold matter, the Parties respectfully move this Court for an Order allowing the Parties to file the Settlement Agreement under seal. The Parties make this joint request pursuant

4816-9857-2666v1
2900059-000020 11/13/2018

to the confidentiality and non-disclosure provisions of the Settlement Agreement, without which Defendants would not have entered into the Settlement Agreement. The Parties specifically request that in connection with their request for approval of the Settlement Agreement, that the Court conduct an in-camera review of the Settlement Agreement's terms rather than requiring the Parties to file a copy of the Agreement on the docket. It is well-settled that courts honor the confidentiality and non-disclosure provisions of parties' duly-negotiated settlement agreements and that where "confidentiality [i]s at the heart of the settlement agreement," the Fifth Circuit will strictly enforce confidentiality. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 953 (5th Cir. 2001).

Here, as discussed directly above, confidentiality and non-disclosure are material terms of the Parties' Settlement Agreement and the Parties entered into the Settlement Agreement with the expectation and understanding that all its terms would remain strictly confidential. Therefore, pursuant to the Settlement Agreement's unambiguous and duly-negotiated confidentiality and non-disclosure provisions, the Court should grant an Order allowing the Parties to file the Settlement Agreement under seal, as this Court has done in the past. *See, e.g.*, *Potier v. JBS Liberty Sec., Inc.*, No. CV 13-0789, 2014 WL 12663212, at *2 (W.D. La. Apr. 4, 2014) (ordering that the parties' settlement agreement be filed under seal). In fact, prior to approving a proposed settlement in an FLSA case, district courts routinely allow the parties to file privately-negotiated settlements under seal for in-camera review. *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260 (D. Mass. 2015) ("On October 22, 2015, the parties submitted their executed Settlement Agreement for the Court's in-camera review."); *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF, 2016 WL 1275598, at *1 (E.D. Mo. Apr. 1, 2016) (requesting that the settlement agreement and other information related

to the parties' settlement agreement be filed under seal); *Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-PRM, 2012 WL 10862119, at *4 (W.D. Tex. Feb. 29, 2012) ("On February 28, 2012, the Defendant filed its 'Unopposed Motion to File Settlement Information and Settlement Agreements under Seal' (ECF No. 87), which the Court granted.").

### B. This Court Should Approve the Parties' Settlement Agreement Because It is a Fair and Reasonable Resolution of a Bona Fide Dispute.

It is well-settled that prior to approving a private settlement in a collective action brought under the FLSA, a court must determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then assess whether the settlement is fair and reasonable. *See Martin v. Spring Break '83 Prods.*, L.L.C., 688 F.3d 247, 255 (5th Cir. 2012) (holding that the at-issue settlement agreement was an "enforceable resolution" of FLSA claims predicated on a bona fide dispute); *Hebert v. Baker Hughes, Inc.*, No. 6:15-2566, 2016 WL 7029336, at *1 (W.D. La. Nov. 9, 2016), report and recommendation adopted, No. CV 6:15-2566, 2016 WL 7031682 (W.D. La. Dec. 1, 2016) (citing to *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960, 960 (5th Cir. 1947)) (approving the parties' proposed settlement where a bona fide dispute over FLSA provisions existed and where the court found that the total amount of attorney's fees and expenses awarded was "fair and reasonable"); *Munoz v. Bollinger Shipyards, LLC.*, No. 6:15-CV-02328, 2017 WL 5472549, at *1 (W.D. La. Oct. 19, 2017), report and recommendation adopted, No. 6:15-CV-2328, 2017 WL 5472573 (W.D. La. Nov. 13, 2017) (same).

Here, the Parties move for approval of the Settlement Agreement under Section 216(b) of the FLSA and maintain that a bona fide dispute exists between them, and that the terms of the

4816-9857-2666v1
2900059-000020 11/13/2018

Parties' Settlement Agreement are both fair and reasonable and fully and finally resolve this bona fide dispute.

### 1. Plaintiff's Lawsuit Presents a Bona Fide Dispute Over FLSA Provisions.

Courts have defined a bona fide dispute as "an honest disagreement between employer and employee." *Martin v. Spring Break '83 Prod., LLC*, 797 F. Supp. 2d 719, 730 (E.D. La. 2011), aff'd sub nom. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012) (internal citations and quotation marks omitted). The United States Court of Appeals for the Fifth Circuit has explicitly specified that disagreements between an employer and an employee concerning "the amount of hours worked or compensation due," qualify as bona fide disputes under the FLSA. 688 F.3d at 255.

In this Lawsuit, the Parties represent to this Court and the record in this case confirms, that a bona fide dispute exists between the Parties as to whether Defendants properly compensated Plaintiff for her exception time. In this Lawsuit, Plaintiff alleges that she was paid in arrears for her exception time hours and that as a result, that she was paid an amount below the minimum wage for the actual hours she worked for Defendants during certain discreet pay periods. Defendants deny these allegations in their entirety, as well as any liability whatsoever in this Lawsuit, and have raised various defenses throughout the pendency of this case. This bona fide dispute among the Parties has been well-litigated for over a decade, and it has been extensively memorialized in briefings by the Parties.

### 2. The Proposed Settlement Is Fair, Adequate and Reasonable.

In determining whether a settlement is fair, adequate and reasonable, courts typically consider the following six factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017) (citing to *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *2 (W.D. La. Mar. 6, 2017). There is also a "strong presumption" by the courts that a duly-negotiated settlement is fair and that "a private settlement of FLSA claims [i]s binding and enforceable where the settlement g[i]ve[s] employees everything to which they are entitled under the FLSA at the time agreement is reached." *Id.*; *Martin*, 688 F.3d at 256 (internal citations and quotation marks omitted).

With respect to the first factor, courts "presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary" and here, neither fraud nor any collusion exists with respect to the Settlement Agreement. *Legros*, 2017 WL 925730, at *2. Indeed, this Court's oversight of the Parties' two settlement conferences in this matter, which ultimately resulted in the Settlement Agreement presently before this Court for final approval, further confirms that the Parties' "settlement has been arrived at by arms-length bargaining and good faith negotiations" and not fraud or collusion. *Id.*

The second and third factors which require that the Court consider the stage of the proceedings and the amount of discovery in evaluating a proposed settlement's fairness and reasonability, weigh heavily in favor of the Court finding that the Parties' Settlement Agreement is fair and reasonable. Indeed, this Court has previously approved settlements where, as here, the underlying lawsuit "presented multiple complex legal issues which [were] zealously litigated by experienced counsel, at significant expense." *Id*. at *2. Here, the record undisputedly reveals

7

that the Parties have vigorously – and painstakingly – litigated Plaintiff's claims and Defendants' defenses for over ten years (and two appeals to the Fifth Circuit), thereby satisfying the second and third factors of the reasonability and fairness test.

The fourth and fifth factors also weigh in favor of approving the Parties' Settlement Agreement as fair and reasonable. In negotiating the terms of the Settlement Agreement, including the compensation awarded to Plaintiff, the Parties considered both the probability of Plaintiff's success on the merits and her range of possible recovery if this Lawsuit proceeded to trial. The terms of the Settlement Agreement reveal that despite the fact that there has been no finding of liability against Defendants, the payment being made to Plaintiff under the Agreement more than fully compensates Plaintiff for any unpaid wages which she could have potentially recovered on her remaining individual wage claim if – and only if – she prevailed at trial, and also provides for attorneys' fees to her counsel in this Lawsuit. As is explained in greater detail below, the attorneys' fee award under the Parties Settlement Agreement is also fair and reasonable.

The sixth factor articulated above is inapplicable to the Court's analysis here, given that Plaintiff's conditionally-certified class was ultimately decertified and therefore, there are no class-related issues for the Court to consider here.

Finally, "[a]s part of its fairness determination, the court must determine independently that the proposed attorney's fees and costs to be awarded to plaintiffs' counsel are reasonable." *Altier v. Worley Catastrophe Response, LLC*, No. Civ. A. 11-241, 2012 WL 161824, at *19 (E.D. La. Jan. 18, 2012). In connection with their review of a proposed settlement, courts "thoroughly review the attorneys' fees agreed to by the parties in the proposed settlement

8

agreement" for reasonableness. *Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

Here, the attorneys' fees portion of the Parties' Settlement Agreement is fair and reasonable and *not only satisfies but exceeds* the fee amount recommended by the Court in its Preliminary Findings, further weighing in favor of the Court's approval of the Parties' Settlement Agreement.

**C. The Court Should Grant an Order Dismissing the Lawsuit with Prejudice.**

It is well-settled "that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). Accordingly, courts will order the dismissal of the underlying litigation with prejudice where the terms of a settlement agreement provide for such dismissal. *Maher v. Zapata Corp.*, 714 F.2d 436, 459 (5th Cir. 1983) (holding that courts will dismiss the underlying litigation with prejudice where the terms of the settlement agreement call for such dismissal with prejudice) (internal quotation marks omitted).

Here, the dismissal with prejudice of the Lawsuit is a material term of the Parties' Settlement Agreement and the Settlement Agreement plainly provides for the dismissal of the above-captioned Lawsuit in its entirety, with prejudice upon the Court's approval of the Settlement Agreement. Therefore, the Parties jointly request that the Court grant an Order dismissing the Lawsuit in its entirety with prejudice, simultaneously with its approval of the Parties' Settlement Agreement.

**III. CONCLUSION**

For all of the foregoing reasons, the Parties respectfully request that the Court grant the Parties permission to file the Settlement Agreement under seal, grant an Order approving the

Settlement Agreement as a full and final resolution of Plaintiff's claims, and finally, grant an Order dismissing the Lawsuit in its entirety, with prejudice.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

/s/ Christopher G. Morris
Phyllis G. Cancienne (Louisiana Bar No. 19605)
Christopher G. Morris (Louisiana Bar No. 28847)
Chase North Tower
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7000

-and-

**HAYNES AND BOONE, LLP**

/s/ Melissa M. Goodman
Melissa M. Goodman (Appearing Pro Hac Vice)
Texas Bar No. 00790648
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: (214) 651-5628

**ATTORNEYS FOR DEFENDANTS**

-and-

**BRINEY FORET CORRY**

/s/  Christopher L. Zaunbrecher
Christopher L. Zaunbrecher (Louisiana Bar No. 09546)
413 Travis Street
Suite 200
Lafayette, LA 70503
Telephone: (337) 237-4070

**ATTORNEYS FOR PLAINTIFF**

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2018, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                                 s/ Christopher G. Morris

4816-9857-2666v1
2900059-000020 11/13/2018