UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

COURTNEY SANDOZ                    CASE NO. 6:07-CV-01308

VERSUS                             JUDGE ROBERT R. SUMMERHAYS

CINGULAR WIRELESS LLC              MAGISTRATE JUDGE HANNA
ET AL

## REPORT AND RECOMMENDATION

The parties reached a settlement in this case, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and as a result, have filed a Joint Motion for Approval of Settlement Agreement [Rec. Doc. 281].[1] Based on a review of the motion, the Confidential Settlement Agreement and Release of Claims, the applicable law and jurisprudence, and for the following reasons, it is recommended that the Joint Motion for Approval of Settlement Agreement [Rec. Doc. 281] be granted.

## BACKGROUND

The factual and procedural history of this case is well-recited in the record of this Court and the record of the Fifth Circuit Court of Appeals.[2] The matter was

---

[1] To the extent the motion also seeks leave to file the Confidential Settlement Agreement and Release of Claims under **seal** for in camera review, the motion is GRANTED. The **sealed** Confidential Settlement Agreement and Release of Claims [Rec. Doc. 282] was reviewed and considered for purposes of this ruling.

[2] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008) and *Sandoz v. Cingular Wireless LLC*, 700 F. App'x 317 (5th Cir. 2017). On July 26, 2018, the undersigned emailed the

instituted as a collective action under the Fair Labor Standards Act ("FLSA"), 29 USCA §206 and §216, for the defendants' alleged failure to timely pay minimum wages for hours worked. Plaintiff Courtney Sandoz was a part-time retail sales consultant ("RSC") for Cingular in Lafayette, Louisiana, from October 10, 2004 until her resignation on October 5, 2005. She alleges she was paid for a minimum of 19 hours per week at a rate of pay in excess of the minimum wage, and she regularly worked extra hours, referenced as "exception time." She asserts that, although exception time was entered on an employee time sheet in the scheduled hours section, the defendants' policy was to not pay any wages for exception time in the next pay check if the store manager failed to verify the hours worked in a separate time entry report.[3] Sandoz alleges she was paid in arrears for her exception time hours worked on several occasions, and consequently, she was paid an amount below the minimum wage for the actual hours worked during pay periods when her exception time was not paid concurrently with her payment for her regular 19 hours.

Sandoz filed this action on April 23, 2007, in the 15th Judicial District Court, Lafayette Parish, Louisiana; the matter was removed to this Court on August 13, 2007. On September 6, 2007, the defendants served Sandoz with an Offer of

---

parties a draft ruling on the issue of attorney's fees, entitled "Preliminary Findings to the Parties," the factual background portion of which is adopted by reference in the parties' joint motion [Rec. Doc. 281-1, p. 2-3], and fully incorporated herein.

[3] Rec. Doc. 1-1, ¶ 7.

Judgment pursuant to Rule 68.[4] The offer provided for a payment of $1,000.00, plus additional amounts for reasonable attorney's fees to be determined by the court. The offer was not accepted, and in the same month, Sandoz moved to strike the offer, urging that an offer made only to the class representative cannot form the basis for the imposition of costs pursuant to Rule 68.[5] Sandoz did not argue the sufficiency of the amount offered as to her individual claim.

On October 9, 2007, the defendants filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction, asserting that the offer fully satisfied Sandoz's demand as the sole individual in the lawsuit and, as such, resolved any case or controversy before the court, depriving the court of subject-matter jurisdiction over her claim.[6] The motion was opposed by Sandoz; however, she did not argue against the sufficiency of the offer amount or otherwise challenge the detailed supporting pay records supplied with the motion.[7] On May 13, 2008, the district court denied the plaintiff's motion to strike, finding that since an offer of judgment is not a "pleading" filed into the record unless accepted, "there is nothing for the Court to strike."[8] In that Memorandum Ruling, which also addressed the defendants' motion to dismiss, the district court noted that

---

[4] Rec. Doc. 17-19.
[5] Rec. Docs. 7, 9.
[6] Rec. Docs. 16, 17.
[7] *See* Rec. Docs. 20, 30.
[8] Rec. Doc. 28, p. 4.

Plaintiff does not argue defendant's offer is insufficient to satisfy her individual demand; rather, she argues the offer is insufficient to satisfy the damages suffered by the putative class, and any offer of judgment is premature until the issue of class certification is addressed by the Court.[9]

The district court denied the defendants' motion to dismiss, finding that allowing the defendants to "pick off" the plaintiff at such an early stage would thwart the purposes of collective actions.[10] On June 3, 2008, the defendants moved to certify the district court's ruling for interlocutory appeal and to stay these proceedings.[11] Citing to the district court's determination that the law was unclear regarding whether the offer of judgment was sufficient to moot the plaintiff's claims, and arguing that the mootness issue represents controlling questions of law underlying subject-matter jurisdiction, the determination of which would lead to an immediate termination of the lawsuit, the defendants requested certification pursuant to 28 U.S.C. §1292(b). The district court agreed and certified the matter for interlocutory appeal.[12]

Also, in June 2008, Sandoz sought conditional class certification, for leave to notify prospective class members of the pendency of the action, and proposed a form for notice to prospective class members.[13]

---

[9] Rec. Doc. 28, p. 2.
[10] Rec. Doc. 28, p. 13.
[11] Rec. Doc. 31.
[12] Rec. Doc. 41.
[13] Rec. Doc. 34.

On December 23, 2008, in considering the case on interlocutory appeal, the Fifth Circuit dealt with "the difficult question of when an employer can moot a purported collective action under the [FLSA], by paying an employee's claim in full."[14] The Fifth Circuit generally agreed with the concerns of the district court that a ruling allowing a defendant to "pick off" a named plaintiff's FLSA claim before she has a chance to certify the collective action would obviate one purpose of the collective action provision. However, the Fifth Circuit cited the long-discussed differences between Rule 23 class actions and §216(b) collective actions to find that under the provisions of §216(b) and the cases construing same:

> Sandoz cannot represent any other employees until they affirmatively opt in to the collective action.  This means that when Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims.  If our analysis stopped there, Sandoz's case would be moot.[15]

After carefully considering the unique facts of the case, the Fifth Circuit vacated the district court's denial of the defendant's motion to dismiss and remanded the matter for consideration of the timeliness and, if necessary, the merits of Sandoz's motion to certify. Explaining its decision, the Fifth Circuit noted:

> However, Sandoz did not file her motion to certify until thirteen months after she filed her complaint, and relation back is warranted only when the plaintiffs files for certification "without undue delay." On remand, the district court must determine, under these unique facts, whether Sandoz timely sought certification of her collective action.  If she did,

---

[14] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 914 (5th Cir. 2008).
[15] *Sandoz*, 553 F.3d at 919.

then her motion relates back to the filing of her initial state court petition. Further if the court ultimately grants the certification motion, then Cingular's Rule 68 offer of judgment only to Sandoz did not moot the case. Conversely, if the court denies the certification motion, then Sandoz still represents only herself, and Cingular's Rule 68 offer of judgment rendered the case moot.[16]

In January 2009, Sandoz sought a hearing on the motion for class certification. The motion, treated as a second motion for class certification, addressed the issue of timeliness, and the first motion was denied as premature.[17] On referral from the district court, the undersigned found that the motion was timely and recommended that the plaintiff be allowed to re-file the motion for certification on the merits.[18] It was resubmitted on July 14, 2009.[19] In a Report and Recommendation issued on February 22, 2010, the undersigned recommended that the motion be denied.[20]

Over the plaintiff's objection, the district court issued a ruling on May 28, 2010, granting in part and denying in part the motion for certification.[21] The motion was denied to the extent class certification was sought relative to record-keeping violations and granted to the extent the motion sought provisional certification of a class for minimum wage violations. Sandoz was ordered to modify the proposed class accordingly and submit a revised version of the proposed notice for potential

---

[16] *Sandoz*, 553 F.3d at 921 (internal citation omitted).
[17] Rec. Doc. 63.
[18] Rec. Doc. 66.
[19] Rec. Doc. 67.
[20] Rec. Doc. 80.
[21] Rec. Docs. 87, 88.

class members; the parties were referred back to the undersigned for development of an appropriate discovery plan.[22] A new proposed notice was submitted by Sandoz on October 8, 2010, resolving the time window dispute; however, disagreements remained on other aspects of the proposed notice.[23] By order of the undersigned, on November 10, 2010, a Second Revised Notice to Prospective Class Members was approved.[24]

On May 23, 2011, plaintiff's counsel mailed the approved notices to identified prospective class members, certifying same to the court.[25] By the deadline date referenced on the notice (August 6, 2011), no notice forms had been filed with the court, and no request for extension of the deadline had been sought by the plaintiff. On August 8, 2011, the first 'opt-in' election was made by/for Gregory L. Pratt.[26] Krista Stegall and Andre Savoie executed consents to join the suit on August 9, 2011.[27] On August 12, 2011, a consent form was executed by Ebony Martin Plumbar.[28]

In response to the defendants' Motion to Strike Untimely Opt-In Notices, and the plaintiff's Cross Motion for Leave to File Opt-In Notices, the undersigned found

---

[22] Rec. Doc. 87.
[23] Rec. Doc. 106.
[24] Rec. Doc. 109-1, 110.
[25] Rec. Docs. 132, 132-1.
[26] Rec. Doc. 129.
[27] Rec. Docs. 130, 131.
[28] Rec. Doc. 133.

that "[b]y any analysis, the opt-ins made subject of the Motion to Strike were not timely executed and filed . . . ."[29] The undersigned further found that there was no "proof of excusable neglect sufficient to warrant ignoring and extending the agreed-upon and court-approved 'date certain' deadline in this case."[30] Nevertheless, the undersigned found that, while the reasons for the late filings appeared "dubious at best," allowing the six day delay for the opt-in filings would not unduly prejudice the defendants.[31] Both sides objected to the report and recommendation. By Judgment entered March 7, 2012, the defendants' motion to strike the untimely opt-ins was denied, and the plaintiff's cross-motion was granted.[32] What followed were the plaintiff's Motion for Expansion of Minimum Wage Class and the defendants' Motion to Decertify Conditional Class.[33]

In the defendants' motion to decertify conditional class, they asserted that the opt-in plaintiffs' claims were all time-barred, such that they were not similarly situated to Sandoz.[34] In a Report and Recommendation issued on November 13, 2012, the undersigned, applying the Lusardi second-step analysis, recommended that the motion to decertify be granted and that the claims of the opt-in plaintiffs be

---

[29] Rec. Doc. 145, p. 9; *see also* Rec. Docs. 134, 136.
[30] Rec. Doc. 145, p. 13.
[31] Rec. Doc. 145, p. 13-14.
[32] Rec. Doc. 151.
[33] Rec. Docs. 153, 158.
[34] Rec. Doc. 158-1, p. 8.

dismissed.[35] Objections were lodged by Sandoz, and in a ruling issued March 27, 2013, the district court found that the opt-in claimants were similarly situated to Sandoz in that each suffered actionable minimum wage violations, such that decertification was not warranted on that basis. However, the matter was remanded to the undersigned to consider the defendants' statute of limitations defense, which had not yet been addressed.[36]

The parties submitted supplemental memoranda on the timeliness issues, and the undersigned found that Sandoz's claim was filed within the two year limitations period established at §255(a) of the FLSA.[37] As to the four former employees who opted in, the plaintiff conceded that one, Krista Stegall, is not similarly situated for the purpose of this action. As to the other three, Gregory Pratt opted in on August 8, 2011, beyond the opt-in deadline and over five years after his last employment with any defendant; Andre Savoie opted in over six years after his last date of employment and past the opt-in deadline; and Ebony Martin Plumbar opted in over five years after her last date of employment and past the opt-in deadline. The undersigned therefore found that each of the opt-in plaintiffs' claims were facially time-barred, since all fell beyond even the three-year 'willfulness' limitations period referenced in the FLSA statute.

---

[35] Rec. Doc. 182.
[36] Rec. Doc. 185, p. 23.
[37] Rec. Doc. 204.

The undersigned then considered whether equitable tolling should apply, which was acknowledged by the plaintiff as the only way the claims could survive. In making the requisite individualized examination of the claims of each opt-in plaintiff, it was the conclusion of the undersigned that the application of the doctrine of equitable estoppel is not warranted on the facts set out in the record and the plaintiffs' failure to present evidence of wrongdoing on the part of the defendants that "was intended to, and did, lull the three opt-in plaintiffs into failing to act timely to file suit or to timely opt in to this action."[38] Therefore, it was recommended that the Motion for Decertification of Conditionally-Certified Collective Action be granted and the deferred motion to expand notice be denied as moot.[39] Objections were again lodged by the plaintiff. On July 3, 2014, the recommendations of the undersigned were adopted by the district court, and the motion for decertification was granted, dismissing the claims of the opt-in plaintiffs with prejudice.[40] Left standing was Sandoz's timely, individual claim for violations of the FLSA.

On October 14, 2014, the defendants renewed their earlier motion to dismiss for lack of subject-matter jurisdiction.[41] The defendants argued that, with the dismissal of all claims except for Sandoz's individual FLSA claim and the earlier

---

[38] Rec. Doc. 204, p. 17.
[39] Rec. Doc. 158; Rec. Doc. 204, p. 18.
[40] Rec. Doc. 216.
[41] Rec. Doc. 222.

decision of the Fifth Circuit, Cingular's Rule 68 offer of judgment, which was not accepted by the plaintiff, now renders the case moot and the court without subject matter jurisdiction.[42] The motion was opposed by the plaintiff, who argued for the first time that the offer of judgment was insufficient to satisfy Sandoz's claims. In a Report and Recommendation issued on April 6, 2015, the undersigned found that the plaintiff could not attempt to argue that the offer of judgment was insufficient to satisfy her claim, because she did not raise the issue in the prior district court or appellate proceedings, and there was no instruction on remand that warrants revisiting the sufficiency of the offer of judgment.[43] Thus, based on the Fifth Court's guidance on remand, the undersigned concluded that Sandoz's claims were moot, because the action was decertified and her individual claims had been satisfied through the offer of judgment. Objections were again lodged by the plaintiff. On June 6, 2015, the recommendations of the undersigned were adopted by the district court, and the defendants' renewed motion to dismiss was granted.[44]

On January 13, 2017, the Fifth Circuit issued an opinion on the plaintiff's appeal of the decertification of the collective action and the dismissal of her individual claim.[45] The district court's order decertifying the class was affirmed; the

---

[42] *See Sandoz*, 553 F.3d at 921.
[43] Rec. Doc. 241.
[44] Rec. Doc. 250.
[45] *Sandoz v. Cingular Wireless LLC*, 700 F. App'x 317 (5th Cir. 2017).

Fifth Circuit found no abuse of discretion in the district court's determination that Sandoz was not similarly situated to the opt-in plaintiffs. However, the Fifth Circuit reversed the district court's order dismissing Sandoz's individual claim, based on the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). In *Campbell-Ewald*, the Court concluded that a "Rule 68 offer of judgment, once rejected, has no continuing efficacy" and "does not moot a plaintiff's case." As a result, the Fifth Circuit concluded "the fact that Sandoz represented only herself after the district court decertified the collective action is irrelevant, for Cingular's rejected offer lacked force to moot the claim. We therefore reverse the district court's order dismissing Sandoz's claim."[46]

## LAW AND ANALYSIS

"This Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[47] Generally, settlement is the preferred means of resolving litigation.[48] Further, there is a "strong presumption" in favor of finding a settlement to be fair.[49] Before the Court may approve a settlement in a collective action brought under the FLSA, it

---

[46] *Sandoz*, 700 F. App'x at 322.
[47] *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).
[48] *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984).
[49] *Camp v. Progressive Corp.*, Nos. 01-2680 and 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (Wilkinson, MJ.) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable.[50]

Pursuant to the joint motion and the settlement agreement itself, the parties agree that a bona fide dispute exists as to the plaintiff's FLSA claims.[51] As explained above and confirmed in the joint motion, the plaintiff worked for the defendants for approximately one year as a part-time RSC, for which she alleges that she was paid for a minimum of 19 hours per week, at a rate of pay in excess of the then minimum wage of $5.15 per hour; that she regularly worked extra hours, referred to as "exception time;" that the defendants paid her in arrears for the exception time on certain occasions; and that, consequently, she was paid an amount below the minimum wage for her actual hours.[52] Throughout this litigation, the defendants have always maintained that the plaintiff did not suffer any wage violations, such that she is neither entitled to the requested damages nor any other relief whatsoever.[53] Given that this case was instituted in 2007, the parties have now been litigating various legal and procedural issues, including class certification, for more

---

[50] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins*, 568 F.Supp.2d at 719.
[51] Rec. Doc. 281-1, pp. 1-3; *see also* Rec. Doc. 282, p. 1, ¶ D ("[T]he Parties agree that there are bona fide disputes between them with respect to Plaintiff's legal entitlement to the amounts claimed in the Action and the facts that are the basis for the allegations made in the Action[.]").
[52] Rec. Doc. 281-1, p. 2.
[53] *Id.*

than a decade, as summarized herein. This Court has been involved in this case from 2009, through and including the settlement conferences held on October 25, 2017 and October 11, 2018,[54] and is therefore familiar with the parties, the underlying disputes and the protracted efforts undertaken, by all involved, to move this case toward joint resolution. Accordingly, this Court does not hesitate to find that a bona fide dispute exists in this case.[55]

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.[56] As part of the fairness determination, the Court must also assess

---

[54] *See* Rec. Docs. 270, 272, 278, and 280.
[55] *See* Rec. Doc. 281-1, p. 6 ("The United States Court of Appeals for the Fifth Circuit has explicitly specified that disagreements between an employer and an employee concerning 'the amount of hours worked or compensation due,' qualify as bona fide disputes under the FLSA.") (quoting *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).
[56] *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)); *see also Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) ("In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties.").

the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[57]

The undersigned has reviewed the confidential Settlement Agreement carefully. There is no evidence of fraud or collusion behind the settlement, and there is "a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."[58] This Court agrees with the parties' representation that its oversight of the parties' two settlement conferences in this matter, which ultimately resulted in the Settlement Agreement under consideration, further confirms that the parties' "settlement has been arrived at by arms-length bargaining and good faith negotiations," rather than by fraud or collusion.[59] Thus, the first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor,  the complexity, expense, and likely duration of the litigation, this FLSA action has been ongoing for more than a decade, since 2007, and presented several disputed legal issues which have been zealously litigated by experienced counsel, including two appeals to the Fifth Circuit. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

---

[57] *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).
[58] *Camp*, 2004 WL 2149079 at *7 (citing 4 Newberg on Class Actions § 11.51 (4th ed.)).
[59] Rec. Doc. 281-1, p. 7 (quoting *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *2 (W.D. La. Mar. 6, 2017)).

The third, fourth, and fifth factors likewise support a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending for more than eleven years, has been appealed twice to the Fifth Circuit, and has gone through two settlement conferences with the undersigned.  As represented by the parties, settlement negotiations have included consideration of both the probability of the plaintiff's success on the merits and her range of possible discovery, undertaken by competent and experienced lawyers on each side who enjoy great respect in their field from both sides of the aisle. The terms of the Settlement Agreement reveal that, despite the fact that there has been no finding of liability against the defendants, the plaintiff's recovery adequately and fully compensates the plaintiff for any unpaid wages, in addition to attorney's fees, that she could have and should have recovered if she had been successful at trial on the merits.[60] Finally, as noted by the parties, the sixth factor is inapplicable; therefore, all applicable factors weigh in favor of finding that the Settlement Agreement is fair and reasonable.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by

---

[60] In making this determination, this Court has specifically reviewed and considered the Settlement Agreement's Consideration, as outlined in the distribution of the Settlement Payment, which the parties have agreed to keep confidential. *See* Rec. Doc. 282, pp. 3-4, ¶¶ 2, 2(a), 2(b), and 2(c).

plaintiff's counsel.[61] Here, as pointed out by the parties, the attorney's fees portion of the Settlement Agreement not only satisfies but exceeds the fee amount recommended by this Court in its preliminary findings.[62] For the reasons that follow, this Court finds that the agreed-upon amount of attorney's fees should be approved.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions.[63] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[64] After making this calculation, the district court may decrease or enhance the lodestar based  on  the relative weights of the twelve  factors set forth  in  *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[65] The  lodestar  may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-

---

[61] *Strong*, 137 F.3d at 849-850.
[62] Rec. Doc. 281-1, p. 9.
[63] *Strong*, 137 F.3d at 850.
[64] *Id*.
[65] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

counting.[66] Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases."[67]

Because the parties have agreed that all terms of the Settlement Agreement shall be and remain confidential, this Court has reviewed the attorney's fees portion in camera, as well, for purposes of this ruling. The record reflects that the plaintiff had one attorney, Christopher L. Zaunbrecher, for the duration of this action. In this case, the defendants have agreed to pay an amount of "alleged but disputed attorney's fees and costs."[68] As referenced above, prior to reaching the instant Settlement Agreement, Mr. Zaunbrecher submitted documentation from which this Court was able to calculate a reasonably hourly rate as well as the number of hours reasonable expended. This Court provided that total recommended fee award to the parties in its preliminary findings. The amount agreed to within the instant Settlement Agreement reflects consideration of, and an increase to, that recommended amount. The increased fee award neither offends this Court nor runs afoul of an equitable application of the *Johnson* factors, set forth above. As previously noted, a significant amount of time and effort has been expended since this case was filed more than eleven years ago, in August 2007, and all other aspects of the Settlement Agreement, reached with the assistance of two settlement

---

[66] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[67] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).
[68] Rec. Doc. 282, p. 4, ¶ 2(a).

conferences with the undersigned, have been found to be fair, adequate and reasonable, given the totality of circumstances in this case. Accordingly, this Court finds that the proposed award in this case is fair and reasonable.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the proposed settlement be approved, and accordingly, that the Court grant the Joint Motion for Approval of Settlement Agreement [Rec. Doc. 281], on the terms and conditions set forth in the proposed Confidential Settlement Agreement and Release of Claims [Rec. Doc. 282], which shall be approved as a full and final resolution of the plaintiff's claims.

IT IS FURTHER RECOMMENDED that the case be closed, subject to the Court retaining jurisdiction for ninety (90) days to enforce the terms of the Confidential Settlement Agreement and Release of Claims [Rec. Doc. 282], if necessary.

Because the parties have agreed on the payment of the settlement funds and attorney's fees and there have been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.[69]

Signed at Lafayette, Louisiana on this 3rd day of December, 2018.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[69] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).